IRWIN ET AL. *v.* THE CITY OF CRAWFORDSVILLE.

MECHANIC'S LIEN.—*Action by Sub-Contractor Against Owner.—Notice.—Pleading.*—In an action by a sub-contractor, against the owner of real estate on which a contractor has erected a building for the owner, to recover for materials furnished by the sub-contractor to the contractor, for such building, the complaint need not set out a copy of the notice by the sub-contractor to the owner, required by section 649, 2 R. S. 1876, p. 267, as such notice is not the foundation of the action.

From the Montgomery Circuit Court.

*S. C. Willson* and *L. B. Willson,* for appellants.

*T. H. Ristine, W. P. Britton* and *M. W. Bruner,* for appellee.

PERKINS, J.—Complaint to enforce a mechanic's lien.

The complaint is in three paragraphs. A demurrer was sustained to each of them. Final judgment for the defendant. Appeal to this court.

All the questions arising upon the first and third paragraphs of the complaint are answered by the cases of *The City of Crawfordsville* v. *Irwin,* 46 Ind. 438, and *The City of Crawfordsville* v. *Brundage,* 57 Ind. 262.

The second paragraph alleges, that the plaintiffs, as sub-contractors, furnished to the contractors one hundred and eighty thousand brick, on which was due, to the plaintiffs, thirteen hundred and fifty dollars, on the 17th of October, 1872; that, on that day, there was due to the contractors, Alexander & Whitsett, from the city of Crawfordsville, on account of the building for which these plaintiffs furnished said brick, the sum of four thousand dollars; "and the plaintiffs further aver, that, on the day and year last aforesaid, the said city had in her hands the sum of four thousand dollars, belonging to the said Alexander & Whitsett, on account of their contract for the completion of the said city building; and that, on that day, the plaintiffs gave notice, in writing, to the common council of said city of Crawfordsville, of the amount of their claim, $1,350, that was due to them

for brick furnished for said building, and that they, the plaintiffs, would hold the said city liable for the amount of their said claim of thirteen hundred and fifty dollars; and the plaintiffs aver, that afterward, in her own wrong, by the common council of said city, and to the great injury of plaintiffs, said city paid to said Alexander & Whitsett said sum of four thousand dollars. Wherefore," etc.

The question is, was this paragraph sufficient on demurrer? or was it necessary that it should set forth a copy of the written notice, that the court might judge of its sufficiency? In such cases as this, is the written notice the foundation of the action? We think it is not, and that the said second paragraph of the complaint is sufficient.

The judgment is reversed with costs, and the cause remanded, etc.