No. 7587.

IRWIN ET AL. *v.* THE CITY OF CRAWFORDSVILLE.

MECHANIC'S LIEN.—*Uncertainty of Description in Notice.*—Notice of an intention to hold a mechanic's lien on a "part of lot No. 110," and the improvements thereon, in a certain plat of a city named, is inoperative and void for uncertainty in the description of the part on which the lien was claimed.

SAME.—*Void Description.—Pleading.*—Such void notice can not be made effective as a lien on some specific portion of such lot by averment, that the notice was intended to apply to such specific part.

From the Montgomery Circuit Court.

*P. S. Kennedy* and *W. T. Brush*, for appellants.

*E. C. Snyder*, for appellee.

NIBLACK, C. J.—This was an action to enforce a lien against a lot belonging to the city of Crawfordsville for one hundred and eighty thousand bricks, estimated at $1,350, which the plaintiffs, Volney Q. Irwin and Tilghman J. Lehr, claimed to have sold and delivered to Robert Alexander and Benjamin Whitset, contractors under and with said city, for

the erection of a building on such lot.    The complaint was in four paragraphs.

Demurrers were sustained to the first and fourth paragraphs, and, upon issue joined upon the second and third paragraphs, there was a finding and judgment for the defendant.

Questions are only made upon the sufficiency of the first and fourth paragraphs of the complaint.    Both of these paragraphs were based upon the following notice:

"*To all whom this may concern:*

"Notice is hereby given that the undersigned intend holding a lien upon the following real estate, and the improvements thereon, belonging to the city of Crawfordsville, described as follows:  Part of lot No. 110 on the original plat of the city of Crawfordsville, to secure the payment of thirteen hundred and fifty dollars ($1,350), as per bill, as follows:  For materials furnished, 180,000 bricks, at $7.50 per thousand, $1,350.

"Witness our hands and seals, this 16th day of October, 1872.                                                IRWIN & LEHR."

Substantially the same notice was before this court in the case of *The City of Crawfordsville* v. *Irwin et al.*, 46 Ind. 438, when it was held to be inoperative as a lien on any specific portion of the lot named in it, and void for uncertainty in the description of the part of the lot on which a lien was claimed.

The first and fourth paragraphs of the complaint in this action, each in a different form, contain descriptions of the particular part of the lot which was owned by the city of Crawfordsville, at the time the notice was given, and to which, it was averred, the notice was intended to apply.

In the case of *Halstead* v. *The Board of Commissioners of Lake County*, 56 Ind. 363, it was said, that "When the description of the mortgaged property, contained in the mortgage, is so indefinite as to render the mortgage inop-

erative and void, no allegation in a complaint upon the mortgage can make such complaint good.''

The rule as thus laid down is well supported by authority, and applies with equal force to the notice of a mechanic's or material-man's lien on real estate.

The notice in this case, being inoperative and void as a lien upon any particular piece of ground, as we feel con-strained to again hold it was, could not be made effective as a lien on some specific part of lot No. 110 by averment, that such notice was intended to apply to such specific part ; and it follows that the court below did not err in sustaining demurrers to the first and fourth paragraphs of the com-plaint. See, also, *Irwin* v. *The City of Crawfordsville*, 58 Ind. 492.

The judgment is affirmed, with costs.