Adamson *v.* Shaner *et al.*

Filed Jan. 21, 1892.

---

No. 419.

## ADAMSON *v.* SHANER ET AL.

MECHANIC'S LIEN.—*Action to Enforce.*—*Sub-Contractor.*—*Notice to Owner.*—*Copy of Need not be Filed with Complaint.*—In an action by a sub-contractor to enforce a mechanic's lien, it is not necessary that the plaintiff should file with his complaint a copy of the notice sent to the owner of the building, as such notice is not the foundation of the action.

PLEADING.—*Complaint.*—*Copy of Account.*—*Exhibit.*—Where the account sued on is set out or described in the body of the complaint, it is not necessary that any more particular statement be filed as an exhibit, unless called for by special motion.    Under such circumstances a demurrer to the complaint would not be well taken.

SAME.—*Uncertainty in.*—Uncertainty is not generally a ground for demurrer, unless the pleading is so vague as not to state a cause of action or ground of defence.

PRACTICE.—*Defect of Parties.*—Where a demurrer was filed for defect of parties, and overruled, and afterward they were made parties defendant to the action, the error, if any there was, in overruling the demurrer, was rendered harmless by the subsequent order of the court, in making these persons defendants to the action.

Adamson v. Shaner et al.

SAME.—*Answers to Interrogatories.— General Verdict.—Agreement of Parties.*—Where by agreement of the parties the jury was directed to return answers to interrogatories only, and was not required to return a general verdict, such mode of procedure can not be complained of.

From the Dearborn Circuit Court. 

*G. H. Koons,* for appellant.

*C. B. Templer* and *W. W. Orr,* for appellees.

REINHARD, J.—Adamson, the appellant, was the owner of a house erected for him by Jacob H. Dick and Erasmus Bowman, contractors. The appellees, Shaner and Greeley, were sub-contractors under Dick and Bowman, and claimed that the latter were indebted to them in a certain amount for work done upon and materials furnished for the house. They gave Adamson written notice under section 9 of the act of March 6th, 1883 (Elliott's Supp., section 1696) that they intended to hold him responsible for the amount due them to the extent that he might then be or thereafter become indebted to said Dick and Bowman. The latter having failed to pay Shaner and Greeley when they claimed their debts had become due, each brought a suit in the court below against the appellant for such alleged indebtedness. In the circuit court the two causes were consolidated and tried as one action. There was a separate demurrer to each complaint, which was overruled. Afterwards, on motion of the appellant, Dick and Bowman, the contractors were made defendants to the action, as was also one John T. Wills, who was likewise a sub-contractor, and had given the appellant a similar notice. Wills filed a cross-complaint, setting up his claim and asking judgment against the appellant. The issues were joined and the cause, by agreement of the parties, was submitted for trial to a jury, and by further agreement the jury was required, in place of a general verdict, to return answers to certain interrogatories submitted to them by the parties under the court's direction. Upon the answers thus returned

VOL. 3.—29

the court made a finding and rendered judgment against the appellant, practically adopting the jury's answers to the interrogatories as its own finding, upon which the judgment was based.

The appellant, at the proper time, made a motion for a new trial, which was overruled and an exception taken, and hence this appeal.

Errors are assigned upon the overruling of the demurrers, and of the motion for a new trial.

The objection urged to the complaints, and to each of them, is that they do not contain any copies of the notices to Adamson by the sub-contractors. It is insisted that such notice is, in each case, the foundation of the action, and that without its being made a part of the complaint the latter must succumb to the demurrer.

It is provided by the code that "when any pleading is founded on a written instrument, or an account, the original, or a copy thereof, must be filed with the pleading." Section 362, R. S. 1881.

If, therefore, the written notices in question form the foundation of these actions, it was essential that they should have been made parts of the respective complaints as exhibits. Is a complaint in such an action founded upon the notice?

This point has already been decided adversely to the contention of the appellant under a similar statute. *Irwin* v. *City of Crawfordsville*, 58 Ind. 492; *School Town of Princeton* v. *Gebhart*, 61 Ind. 187.

It is further insisted that the complaints are insufficient, because they do not contain copies of the accounts sued on. The same section of the statute that requires a written instrument, or copy thereof, which is the foundation of an action, to be made a part of the complaint, also provides that when the suit is on an account, it, or a copy thereof, must be filed with such complaint. Section 362, R. S. 1881.

We think it will be readily admitted that where the account sued on is set out or described in the body of the com-

plaint, it is not necessary that any more particular statement be filed as an exhibit, unless called for by special motion. Certainly a demurrer to such a complaint would not be well taken. *Brooklyn G. R. Co.* v. *Slaughter*, 33 Ind. 185; *Mc-Coy* v. *Oldham*, 1 Ind. App. 372.

The complaints aver that Dick and Bowman were employed by the appellant to erect a dwelling-house for him, and that said Dick and Bowman employed the appellee Shaner to plaster said house and furnish the material for said plastering, which he did, and that this was worth $86.40; and that they employed the appellee Greeley to furnish lumber and building material for said house, which he did so furnish, and that it was of the value of so much. We regard these averments as sufficient to withstand a demurrer. Had there been a motion to make more specific, or for a bill of particulars, it would have been error to overrule it. Uncertainty is not generally a cause for demurrer, unless the pleading is so vague as not to state a cause of action or ground of defence, in which case only a demurrer would lie. *City of Connersville* v. *Connersville Hydraulic Co.*, 86 Ind. 235.

We do not doubt but that there may be cases where the statement of the account in the body of the complaint is so indefinite that the pleading will be held bad on demurrer. *Wolf* v. *Schofield*, 38 Ind. 175. But we do not regard the averments in the complaints under consideration as being so vague and indefinite that a demurrer must be sustained to them.

One of the causes of demurrer was for a defect of parties defendant. The appellant thinks the demurrer should have been sustained for this cause, inasmuch as, at that time, the contractors Dick and Bowman had not been made parties. They were made defendants afterward, however, as we have seen, and if there was technical error in overruling the demurrer upon this ground, a point we need not decide, it was rendered harmless by the subsequent order of the court in mak-

these persons defendants to the action.    We are of opinion that the demurrer was properly overruled.

The next alleged error arises upon the overruling of the motion for a new trial.    It is contended that the verdict and finding are not sustained by the evidence.

There is evidence strongly tending to show that about the time these notices were served Dick and Bowman abandoned their contract, and left the house in an unfinished state, and that Adamson was compelled to pay out more after that time for material and work in order to have the building completed than he would have owed Dick and Bowman had they finished the work according to contract.

On the other hand, there is evidence to prove that many of the items paid out by Adamson after the notices were for things purchased and delivered and work done prior to the abandonment, and that they were furnished to and done for Dick and Bowman under their contract.    There is also evidence tending to prove that at the time of the notices the appellant was largely indebted to Dick and Bowman, one witness stating that the appellant had told him he owed them as much as $1,000, and that there was no need of the witness being uneasy about not getting his claim.

From these statements we think the court and jury had a right to conclude that there was a *bona fide* indebtedness, and that the abandonment theory was resorted to after the notices had been served in order to keep the appellees from collecting their debts.    The court and jury having made these deductions from the evidence, we can not say that it has been shown that they erred in so doing.

Complaint is made, also, that the jury were directed to return answers to interrogatories only, and were not required to return a general verdict.

The record shows that this mode of procedure was had by agreement of the parties in open court. The objection therefore comes too late.

It is argued that the finding is excessive.    We have care-

fully examined the evidence with reference to this point, and with some degree of hesitation have come to the conclusion that there is enough evidence from which the court or jury might have found the amounts specified in the record. The evidence is not very satisfactory as to amounts, but there is some evidence tending to sustain the finding. The court and jury had all the facts and witnesses before them, and were in better position to pass upon the weight of the evidence than we are.

We have noticed all the alleged errors, and find no ground for a reversal.

Judgment affirmed.

