**William WAMPLER and Larrin Wampler, Appellants– Plaintiffs,**

v.

**William TUSING and Laura Tusing, Appellees–Defendants.**

No. 53A01–9808–CV–288.

Court of Appeals of Indiana.

April 22, 1999.

Thomas M. McDonald, Diane J. Walker, Applegate McDonald & Koch, P.C., Bloomington, Indiana, Attorneys for Appellants.

John W. Richards, Thomas Bunger, Bunger & Robertson, Bloomington, Indiana, Attorneys for Appellees.

## OPINION

FRIEDLANDER, Judge

In this suit to quiet title between adjacent landowners, William and Larrin Wampler sought to have William and Laura Tusing remove a fence which the Wamplers claimed encroached upon their property. The trial court found in favor of the Tusings, determining that they had established title to the property in question by virtue of adverse possession. The Wamplers filed a motion to correct errors, which the trial court denied. The following restated issue is presented for our review:

> Did the trial court err in finding in favor of the Tusings on the basis of adverse possession, where adverse possession was not pleaded as an affirmative defense, where the issue was not tried with the consent of both parties, and the trial court sustained the Wamplers' objection, made on the ground that the Tusings had failed to plead the affirmative defense of adverse possession, to the introduction of evidence by the Tusings with regard to adverse possession?

We reverse and remand.

On April 12, 1996, the Wamplers filed a pro se action against the Tusings in the small claims division of the Monroe Circuit Court II. The Wamplers' handwritten small claims complaint contained the following notation: "Statement of Claim for $650.00 + fence moved + $30.00 Court Cost encroachment of fence on our property". *Record* at 12. The Tusings did not file an answer. The Tusings' attorney entered his appearance and the Wamplers thereafter retained counsel. Defense counsel filed a motion for a continuance in which he stated that "[t]he parties believe that the issues in this matter are beyond the jurisdiction of the Small Claims Court." *Record* at 21. After a pretrial conference was held in small claims court, this matter was transferred to the plenary docket of the Monroe Circuit Court V.

The Tusings did not file an answer even after this matter was transferred to the plenary docket, nor were any affirmative defenses pleaded.

Trial was held before the Monroe Circuit Court V on March 8, 1998. After the Wamplers had rested, the Tusings attempted to introduce evidence with regard to the affirmative defense of adverse possession. The following colloquy occurred during the direct examination of William Tusing:

> [Defense Counsel]: Is it your position here today that even if Mr. Graham's survey is correct that title should be quieted in your favor based upon the fact that defense has been . . .
>
> [Counsel for Plaintiffs]: Objection, Your Honor. There is no pleading for adverse possession in this matter. It's an affirmative defense. It must be pleaded.
>
> [Defense Counsel]: This matter was originally filed in small claims court to which no

responsive pleadings are required in response to a small claim complaint.

THE COURT: I'm going to sustain the objection.

*Record* at 163. At the conclusion of the trial, the trial court took the matter under advisement.

On May 14, 1998, the trial court made the following entry in its chronological case summary:

> The court having now reviewed the evidence presented in this case and being duly advised finds that the fence (barbed wire and its steel post replacement) establish the property line between the parties by the doctrine of adverse possession. The plaintiffs will take nothing by their complaint and title to the real estate east of the fence should be quieted to Defendants. Costs to Plaintiffs. Counsel for defendants to provide appropriate written entry for the court's review and use.

*Record* at 10. The court's subsequent Judgment Order stated in pertinent part:

> The plaintiffs shall take nothing by way of their complaint. Title to the disputed real estate shall vest in the defendants based upon the doctrine of adverse possession because the defendants' possession of the property was actual, visible, open and notorious, exclusive, under a claim of ownership, hostile, and continuous for the statutory period.
>
> The defendants shall have a survey performed to establish the legal description for the real estate east of the fence so that title in said real estate may be quieted to defendants.

*Record* at 50.

The Wamplers filed a motion to correct errors. The Tusings filed a response to the Wamplers' motion and requested that the trial court allow them to amend the pleadings to conform to the evidence with regard to adverse possession. As noted above, the trial court denied the Wamplers' motion to correct errors. There is nothing in the record to indicate that the trial court ever ruled on the Tusings' request to amend the pleadings or that the pleadings were ever amended.

Rule 8(C) of the Indiana Rules of Trial Procedure requires that affirmative defenses be specifically pleaded in a responsive pleading. Nonetheless, Ind. Trial Rule 15(B) provides:

> When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

Here, the Wamplers did not expressly or impliedly consent to litigate the issue of adverse possession. As noted above, when the Tusings attempted to introduce evidence pertaining to adverse possession, the Wamplers promptly objected on the ground that the Tusings had not pleaded it as an affirmative defense. The trial court did not then permit the pleadings to be amended and the evidence presented. Rather, the trial court sustained the Wamplers' objection, and the Wamplers did not seek a continuance or offer any evidence with regard to adverse possession. Under these circumstances, fairness dictates that the trial court not make its ultimate decision on the basis of adverse possession without at least granting the Wamplers a continuance in order to properly prepare to meet such evidence.

Fairness requires that the opposing party have "some notice that an issue is before the court which has not been pleaded or has not been agreed to in a pre-trial or-

der." *Aldon Builders, Inc. v. Kurland* [, 152 Ind.App. 570, 284 N.E.2d 826, 832 (1972) ]. This is particularly true when the. new issue is not unequivocally clear from the evidence presented at trial. *Id.* "Implied consent to trial of an unpleaded defense may not be deduced merely because evidence relevant to a properly pleaded defense inferentially suggests a defense not within the pleadings." *Elkhart County Farm Bureau Coop. Ass'n. v. Hochstetler* [, 418 N.E.2d 280, 284 (Ind.Ct.App.1981) ].

*Apple v. Kile,* 457 N.E.2d 254, 256–57 (Ind. Ct.App.1983). In addition, in *K Mart Corp. v. Brzezinski,* 540 N.E.2d 1276, 1281 (Ind.Ct. App.1989), *trans. denied,* this court stated:

> Before a party may impliedly consent to the trial of an unpleaded issue, he must be given some notice as to the existence of that issue. Notice may be overt, as where the unpleaded issue is expressly raised prior to or sometime during the trial but before the close of evidence. Notice may be implied where the evidence presented at trial is such that a reasonably competent attorney would have recognized the unpleaded issue as being litigated. However, the opposing party may not put a new issue into a trial under the cloak of evidence relevant to an already pleaded issue. Both parties must litigate the new issue, and implied consent will not be found unless the parties know or should have known that the unpleaded issue was being presented.

After having reviewed the record, we conclude that the issue of adverse possession was not so unequivocally clear from either the evidence presented at trial or the deposition of Vernon Mills, which was taken before trial, that a reasonably competent attorney would have recognized that it was being litigated.[1] This is particularly true given that the trial court sustained the Wamplers' objection to evidence expressly relating to the issue of adverse possession. Accordingly, we reverse the judgment entered in favor of the Tusings and remand this case to the trial

court for further proceedings consistent with this opinion.

Judgment reversed and remanded.

KIRSCH and MATTINGLY, JJ., concur.

---

1. The Tusings point out that they submitted a pre-trial brief to the trial court on the issue of adverse possession prior to the introduction of evidence. However, the Wamplers correctly note on appeal that the pre-trial brief was not file stamped, and it appears that such brief was not filed with the court until the beginning of trial.