MERCANTILE NATIONAL BANK OF INDIANA, as Trustee for Trust #5840, and Horst and Marianne Thompson, Appellants–Defendants,

v.

FIRST BUILDERS OF INDIANA, INC., and Schilling Brothers Lumber and Hardware, Inc., Appellees–Plaintiffs.

No. 45A03–9904–CV–132.

Court of Appeals of Indiana.

Aug. 15, 2000.

Anthony DeBonis, Jr., David S. Gladish, Smith & DeBonis, Highland, Indiana, Attorneys for Appellants.

Thomas L. Kirsch, Munster, Indiana, Attorney for Appellee, Schilling Brothers Lumber and Hardware, Inc.

Fred M. Cuppy, Katheryn D. Schmidt, Kevin E. Steele, Burke Costanza & Cuppy, LLP, Merrillville, Indiana, Attorneys for Appellee, First Builders of Indiana, Inc.

## OPINION

MATTINGLY, Judge

Mercantile National Bank of Indiana[1] and Horst and Marianne Thompson (collectively, "the Thompsons") appeal a trial court judgment in favor of Schilling Brothers Lumber and Hardware, Inc. ("Schilling").[2] The Thompsons raise two issues on appeal, which we restate as:

1. Whether the trial court erred when it determined Schilling was entitled to a judgment against the Thompsons and a mechanic's lien on the Thompsons' property after the Thompsons had been granted

---

1. Mercantile National Bank ("the Bank"), as trustee, that holds title to the real estate at issue, with the Thompsons as beneficiaries.

2. First Builders of Indiana ("FBOI") and Schilling were plaintiffs below. FBOI is listed as an appellee and filed an appellee's brief, even though the trial court entered judgment against FBOI on all of its claims against the Thompsons. On appeal FBOI acknowledges the judgment was not clearly erroneous and urges us to affirm it or, in the alternative, to modify it so that Schilling would have a judgment against FBOI for those materials Schilling had contracted with FBOI to provide, and a judgment against the Thompsons for materials they ordered from Schilling. We agree with FBOI that such a modification would not change the effect of the judgment or the contractual relationship of the parties, and we note that the Thompsons do not argue on appeal for such a modification. We thus decline to order a modification of the judgment.

a summary judgment on Schilling's action to foreclose a mechanic's lien; and

2. Whether the trial court erred when it determined Schilling was entitled to recover from the Thompsons after the Thompsons had "set off" all money due under their contract with FBOI.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In spring 1994, the Thompsons and FBOI entered into a contract for the construction of a home in Dyer, Indiana. FBOI opened an account with Schilling for the purchase of lumber and other building materials to be used in the project. The Thompsons were aware the account had been opened and had, with FBOI's knowledge and permission, chosen items at Schilling that were to be charged to the account.

By July 1994, the Thompsons had noticed a number of construction deficiencies on the part of FBOI and its subcontractors, unauthorized structural changes, and variations from the agreed design. They brought these concerns to FBOI's supervisor on several occasions, and were told the problems would be remedied. In September and December 1994, the Thompsons paid FBOI the first two draws called for under the contract, and Schilling received funds from those draws for materials it had provided. On December 22, 1994, the Thompsons again asked FBOI to address the deficiencies. When FBOI did not timely respond, they refused to pay the third draw. FBOI then discontinued work on the house.

While FBOI was still working on the house, the Thompsons personally selected and ordered some materials from Schilling. For example, Schilling drew up plans for a cabinet layout and the Thompsons ordered the cabinets. After FBOI stopped work on the house, the Thompsons ordered a counter top from Schilling and guaranteed payment with a note that stated "I am responsible for payment—OK to order" (R. at 465) and was signed by Marianne Thompson. The cost of the cabinets and counter top represents more than half of the amount of Schilling's claim against the Thompsons. The Thompsons also directly selected and bought certain materials for the construction of the house both while FBOI was working on the project and after FBOI discontinued its work.

FBOI sued the Thompsons after they failed to pay the third draw. Schilling intervened and brought against FBOI and the Thompsons a Counterclaim for Foreclosure of Mechanic's Lien. Schilling sought relief in the form of 1) a judgment against the Thompsons and FBOI for the value of the materials it had provided for the construction of the house and for which it had not been paid, and 2) foreclosure of its mechanic's lien in that amount. The Thompsons moved for partial summary judgment asserting the invalidity of Schilling's mechanic's lien and their motion was granted.

■ After the Thompsons moved for partial summary judgment on the mechanic's lien issue but before the summary judgment was granted, Schilling sent to the Thompsons a Notice of Intent to Hold Owner Personally Liable under Ind.Code § 32–8–3–9 in the amount of $36,775.76. This sum represents the balance due for material Schilling provided for the construction of the house. The trial court entered judgment in favor of Schilling and against the Thompsons and stated, "[s]aid judgment constitutes a mechanic's lien upon the Thompson's [sic] house." [3] (R. at 174.)

3. The trial court's judgment provided that each party was to be responsible for its own attorney fees and litigation costs, and none of the parties argue on appeal that the trial court erred when it so ordered. We note that attorney fees are generally recoverable in actions to enforce a mechanic's lien, Ind.Code § 32–8–3–14, but are generally not available in an action brought under the personal responsibility provisions of the mechanic's lien

## DISCUSSION AND DECISION

### Standard of Review

■■■ When findings of fact and conclusions of law are entered by the trial court pursuant to Ind. Trial Rule 52(A), as occurred here, the reviewing court may affirm the judgment on any legal theory supported by the findings. *In re Paternity of Winkler,* 725 N.E.2d 124, 126 (Ind.Ct. App.2000). Before affirming on a legal theory supported by the findings but not espoused by the trial court, the reviewing court should be confident that its affirmance is consistent with all of the trial court's findings of fact and inferences drawn from the findings. *Id.* In reviewing the judgment, we first must determine whether the evidence supports the findings and second, whether the findings support the judgment. *Id.* The judgment will be reversed only when clearly erroneous. *Id.* Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them. *Id.* To determine whether the findings or judgment is clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.* A judgment is clearly erroneous even though there is evidence to support it if the reviewing court's examination of the record leaves it with the firm conviction that a mistake has been made. *Id.*

1. *The Schilling–Thompson Cause of Action*

■■■ The Thompsons assert the trial court's finding that Schilling was entitled to recover from them was clearly erroneous because no cause of action existed between Schilling and the Thompsons. We disagree. While the trial court's statement that the judgment "constitutes a mechanic's lien" was incorrect, its judgment may properly be affirmed on at least one alternative legal theory and we thus cannot say the judgment in favor of Schilling and against the Thompsons was clearly erroneous.

Prior to trial, Schilling, FBOI, and the Thompsons submitted their lists of witnesses, contentions, and exhibits.[4] One of Schilling's listed exhibits was its notice that it intended to hold the Thompsons personally liable. Its list of contentions did not mention a mechanic's lien, but rather indicated that it was entitled to recover some $30,000 from FBOI as a result of the Thompsons' failure to pay FBOI for the materials Schilling supplied. Schilling contended it 1) was entitled to recover the money it was due, plus interest, from FBOI, and 2) was entitled to recover the same amount from the Thompsons "to the extent [the Thompsons] are found to be indebted to [FBOI]." (R. at 114.) The Thompsons undoubtedly knew Schilling intended to pursue a claim against them even after the Thompsons were granted a partial summary judgment on the mechanic's lien count.

■■■ Furthermore, Schilling did pursue at trial its alternative claims against the Thompsons. Its counsel fully participated in the trial, and Schilling elicited testimony and offered evidence sufficient to support a judgment in its favor. The issues in a case are generally established by the evidence introduced at trial rather than by the pleadings. *Curtis v. Clem,* 689

---

statute. *McCorry v. G. Cowser Const., Inc.,* 636 N.E.2d 1273, 1279 (Ind.Ct.App.1994), *aff'd and adopted,* 644 N.E.2d 550 (Ind.1994). As we find the Thompsons' liability to Schilling is not premised on the foreclosure of Schilling's mechanic's lien, we cannot say the trial court erred when it ordered that each party would be responsible for its own attorney fees.

4. Schilling refers in its brief to a "Pre–Trial Order agreed upon by all parties and entered by the Court." (Br. of Appellee Schilling Brothers Lumber and Hardware, Inc. at 7.) However, Schilling does not favor us with any indication where in the two-volume record or the eight-volume "supplemental record" such an order might be found.

N.E.2d 1261, 1264 (Ind.Ct.App.1997). Issues not raised by the pleadings may be tried by the implied consent of the parties if the party who is charged with such implied consent has received some notice of the issue. *Id.*; Ind. Trial Rule 15(B). The Thompsons had ample notice that Schilling would seek to hold them personally liable for the value of the materials Schilling provided but for which it had not been paid.

We therefore decline to adopt the Thompsons' apparent position that a plaintiff who 1) names a party as a defendant; 2) notifies the defendant that it intends to hold the defendant personally liable; 3) notifies the trial court of its contention that it is entitled to recover from the defendant; and 4) presents evidence at trial as to the defendant's liability has, by doing those four things, "clearly demonstrate[d]" (Br. of Appellants at 14) that it was not asserting a cause of action against that defendant.[5]

## 2. *The Schilling—FBOI "Set–Off"*

■ The Thompsons next argue that even if Schilling has asserted a claim under the personal liability statute, it cannot recover from the Thompsons because under that statute a subcontractor's right to recover is limited to the amount the owner owes the contractor.

■ Ind.Code § 32–8–3–9 states in pertinent part:

Any subcontractor … may give to the owner … notice in writing particularly setting forth the amount of his claim and services rendered, for which his employer or lessee is indebted to him, and that he holds the owner responsible for the same; and the owner shall be liable for such claim, but not to exceed the amount which may be due, and may thereafter become due, from him to the employer or lessee, which may be recovered in an action whenever an amount equal to such claim … shall be due from such owner to the employer or lessee.

The personal liability provision is designed to protect a subcontractor "from the consequences of the contractor's absconding or going broke or otherwise defaulting" by providing to the subcontractor a means of shifting from himself to the owner the burden of the general contractor's financial difficulties. *McCorry*, 636 N.E.2d at 1278, (quoting *Coplay Cement Co. v. Willis & Paul Group*, 983 F.2d 1435, 1437 (7th Cir. 1993)). The purpose of the statute is thus to "prevent the inequity of an owner enjoying the fruits of a subcontractor's labor and materials without paying for them." *McCorry*, 636 N.E.2d at 1279.

The Thompsons note that an owner is liable to a subcontractor under the personal liability statute only up to the amount the owner owes the contractor, and that the trial court found "[t]he Thompsons' costs to repair and replace the defective work done by [FBOI] far exceed the amount the Thompsons owe to [FBOI]." (R. at 171.) Thus, the Thompsons argue, they can have no liability to Schilling. We believe the Thompsons' characterization of the effect of the statute is inconsistent with its purpose as we interpreted it in *McCorry*.

In *McCorry*, when the owner received the notice of personal responsibility from a subcontractor, the owner had paid about $108,000 of the $170,000 contract amount. He argued that because the contractor had breached his contract by that point, nothing more was owed to the contractor and thus no recovery was available to the subcontractor. We noted that under the owner's interpretation of the statute, no

---

**5.** The Thompsons support this argument by noting that in their own pre-trial List of Contentions, Witnesses, and Exhibits that they filed with the trial court, the Thompsons stated that Schilling's claim was "now exclusively against [FBOI]." (R. at 128.) We must also decline to adopt the Thompsons' position that a defendant may, by means of its own assertions in a pre-trial "List of Contentions," determine that one of the co-plaintiffs no longer has a cause of action against it.

subcontractor could ever recover after a contractor defaulted and the purpose of the statute would be defeated. We held that the amount "due" means the amount unpaid on the original contract, "which amount would have been available for payment of subcontractors had the contractor not defaulted." *McCorry,* 636 N.E.2d at 1279. We relied on *Adamson v. Shaner,* 3 Ind.App. 448, 452, 29 N.E. 944, 945 (1892), where we found a *"bona fide* indebtedness" to a subcontractor after the contractor's default even though the owner, like the Thompsons, was forced to pay out more to have the building completed than he would have owed had the contractor completed the contract.

There was evidence before the trial court that the Thompsons spent far more than the contract price to complete the house, and the trial court so found. However, there was also evidence that much of the amount the Thompsons ultimately paid was for items not included in the original contract, for items the Thompsons provided or completed themselves and for which they were credited by FBOI, and for upgrades not provided in the contract. Taking those payments into account, the evidence in the record would support a finding that the Thompsons had paid to FBOI some $70,000 less than the contract price and thus could be liable to Schilling for the amount of nearly $43,000 determined by the trial court.

## CONCLUSION

Schilling's cause of action against the Thompsons survived the grant of partial summary judgment on the mechanic's lien issue, and the trial court's determination that the Thompsons were liable to Schilling was not clearly erroneous.

We affirm.

BAILEY, J., and BROOK, J., concur.