MERCANTILE NATIONAL BANK OF INDIANA, as Trustee for Trust # 5840 and Horst and Marianne Thompson, Appellants (Defendants below),

v.

FIRST BUILDERS OF INDIANA, INC. and Schilling Brothers Lumber and Hardware, Inc., Appellees (Plaintiffs below).

No. 45S03–0102–CV–100.

Supreme Court of Indiana.

Aug. 27, 2002.

David S. Gladish, Highland, IN, Attorney for Appellant.

Thomas L. Kirsch, Indianapolis, IN, Fred M. Cuppy, Kathryn D. Schmidt, Kevin E. Steele, Merrillville, IN, Attorneys for Appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

When the general contractor on a construction project fails to pay its subcontractor, the subcontractor may seek payment from the project owner under Indiana's "personal liability" statute. A personal liability claim is limited by the "amount due" the contractor and we hold that limit is calculated by placing the subcontractor in the same position that the general contractor would occupy in a lawsuit with the owner. In this case, the owner has no personal liability because the subcontractor failed to plead a personal liability claim and the owner did not consent to the issue being litigated at trial.

### Background

Horst and Marianne Thompson ("Owner") entered into a construction contract with First Builders of Indiana, Inc. ("Contractor"), under which Contractor was to build a house for Owner. Contractor opened an account with Schilling Brothers Lumber and Hardware, Inc. ("Subcontractor"), from which Contractor obtained construction materials for the project. After construction had proceeded for a period of time without incident, Owner discovered that Contractor was not following the blueprints and also discovered certain construction defects. Owner refused to pay Contractor any further amounts under the contract and subsequently finished the construction of the house without Contractor. Not surprisingly, Contractor sued Owner and Owner filed a counter-claim against Contractor.

Caught up in this dispute was Subcontractor who had not been paid amounts due from Contractor for materials supplied for use on the project. Subcontractor joined the lawsuit, filing two claims for payment against Contractor. Subcontractor also filed a claim against Owner, seeking to enforce a "mechanics' lien."

Enforcement of a "mechanics' lien" is one of two statutory mechanisms that Indiana law provides for subcontractors that have not been paid by their contractors to seek payment from construction project owners. Ind.Code § 32–8–3–1 through 8 (the "Mechanics' Lien Statute"). The second mechanism, although located in the Indiana Code chapter dealing with mechanics' liens, is completely separate. It imposes "personal liability" on project owners in favor of subcontractors that have not been paid by their contractors, subject to certain limitations that are crucial in this case. Ind.Code § 32–8–3–9 (the "Personal Liability Statute").

As noted, Subcontractor filed a claim against Owner to enforce a "mechanics' lien" under the Mechanics' Lien Statute. Subcontractor also sent a notice to Owner informing it that Subcontractor would seek to hold it personally liable for the amounts owed to it by Contractor. However, Subcontractor did *not* amend its complaint to assert a claim of "personal liability" under the Personal Liability Statute.

The Mechanics' Lien Statute contains a number of strict notice requirements with which Subcontractor had not complied. As a consequence, the trial court granted summary judgment in favor of Owner prior to trial, finding that Subcontractor had not followed the requirements of the Mechanics' Lien Statute.[1] The balance of the lawsuit continued, involving (at least) the claims between Owner and Contractor and between Contractor and Subcontractor.

After a bench trial, the trial court found that Owner was not liable to Contractor because of Contractor's breach of contract. However, the trial court found that Owner

---

1. Ind.Code § 32–8–3–1 (1998). Subcontractor does not appeal this finding. The law regarding mechanics' liens has since been amended. For a discussion of·these amend- ments, see Lloyd T. Wilson, Jr., *Property Law: Reconstructing Property Law in Indiana: Altering Familiar Landscapes,* 33 Ind. L.Rev. 1405 (2000).

was liable to Subcontractor because Subcontractor held a valid and enforceable mechanic's lien on Owner's house. As should be apparent, this was the very same issue on which the trial court had previously granted summary judgment in favor of *Owner*.

The Owner appealed but the Court of Appeals affirmed. While acknowledging that the trial court was "incorrect" in finding that Subcontractor was entitled to enforce a "mechanic's lien," the Court of Appeals held that the trial court's judgment in favor of Subcontractor could "properly be affirmed on at [the] alternative legal theory" that Subcontractor was entitle to collect from Owner under the Personal Liability Statute. *Mercantile Nat'l Bank of Indiana v. First Builders of Indiana, Inc.*, 732 N.E.2d 1287, 1290 (Ind. Ct.App.2000).

### Discussion

#### I

Under *Background, supra*, we briefly discussed the two statutory mechanisms Indiana law provides to permit a subcontractor that has not been paid by its general contractor to seek recovery from the owner of the construction project. It is worth spending a little more time distinguishing those mechanisms.

The Mechanics' Lien Statute provides a procedure for persons who perform labor or furnish materials or machinery for construction projects to establish and enforce a lien on the structure on which they have worked or for which they have furnished materials or machinery and on the interest of the owner of the land on which the structure stands or with which it is connected to the extent of the value of the work performed and material furnished.

The Personal Liability Statute provides a procedure for subcontractors, workers employed by others, and persons who lease materials or machinery for construction projects to establish liability on the part of the owner of the project for the amount owed to such subcontractors, workers, and persons by their respective contractors, employers, and lessees.

A key difference between the Mechanics' Lien Statute and the Personal Liability Statute is that under the Personal Liability Statute, the amount of the owner's liability shall not "exceed the amount which may be due, and may thereafter become due, from [the owner] to [such contractor,] employer or lessee." Ind.Code § 32–8–3–9. The Indiana Personal Liability Statute, as Judge Posner has pointed out, "thus differs from a mechanics' lien law, which by creating a secured interest gives a subcontractor priority over the owner's unsecured creditors. Indiana mechanics' lien law, moreover, does not, at least in so many words, limit the subcontractor's lien to the amount that the owner owes the contractor." *See Coplay Cement Co., Inc. v. Willis & Paul Group*, 983 F.2d 1435, 1437 (7th Cir.1993) (citations and subsequent discussion on possible limitation on amount recoverable under mechanics' lien law omitted).

When the Court of Appeals found that the trial court's judgment in favor of Subcontractor could be affirmed under the Personal Liability Statute, it was required to confront this limitation on recovery. That is, unless there were amounts still owed by Owner to Contractor, this limitation would preclude recovery by Subcontractor.

Subcontractor contends, and the Court of Appeals agreed, that "amount due" under Indiana Code § 32–8–3–9 means the "amount unpaid on the original contract, 'which amount would have been available for payment of subcontractors had the contractor not defaulted.'" *Mercantile*, 732 N.E.2d at 1292 (citing *McCorry v. G. Cowser Constr., Inc.*, 636 N.E.2d 1273, 1279 (Ind.Ct.App.1994), *aff'd*, 644 N.E.2d 550 (Ind.1994).)[2] But Owner contends that

2. In doing so, the Court of Appeals relied on its opinion in *McCorry v. G. Cowser Construc-*

"amount due" means "the subcontractor's right is limited to the amount that the owner owes the contractor." *Coplay Cement Co.*, 983 F.2d at 1437. There is no "amount due" Subcontractor, Owner argues, because the trial court found that Owner's "costs to repair and replace the defective work done by [Contractor] far exceed[ed] the amounts" Owner owed Contractor.

The Court of Appeals rejected Owner's argument. It looked to its opinion in *McCorry* where a subcontractor asserted personal responsibility after the contractor breached with $108,000 of the $170,000 contract amount paid. *Mercantile*, 732 N.E.2d at 1291. "We noted that under the owner's interpretation of the statute, no subcontractor could ever recover after a contractor defaulted and the purpose of the statute would be defeated." *Id.* at 1291–92. Using this approach, the Court of Appeals in both *McCorry* and this case looked to the amount of the total contract amount not yet paid by Owner to Contrac-

tor at the time of Contractor's breach. *Id.*; *McCorry*, 636 N.E.2d at 1279.

■ We disagree with this analysis. As a preliminary matter, we note that the balance of a total contract amount not yet paid at any particular time does not necessarily reflect the "amount due" on the contract. There are a number of possible reasons for this. Under the terms of the contract, the owner may have made a "down payment"[3] or be entitled to certain retainage.[4] Payment may be delinquent or conforming work may have been performed subsequent to the last-made payment but before the breach.

We borrow from Judge Posner's approach to a somewhat more involved question about the purpose and operation of the statute's limit on the amount of personal liability in *Coplay*.[5] In the case before us, Owner sued Contractor for damages it incurred as a result of Contractor's breach of their contract and Contractor counterclaimed for the money that Owner

---

*tion, Inc.*, 636 N.E.2d 1273 (Ind.Ct.App.1994). Our opinion on transfer in that case affirmed the decision of the Court of Appeals on the narrow question of whether attorney fees are recoverable under Indiana Code § 32–8–3–9, *McCorry v. G. Cowser Constr., Inc.*, 644 N.E.2d 550, 551 (Ind.1994), but did not address the scope of personal liability under that section of the code. *See id.* (Sullivan, J., concurring).

3. *E.g., Town & Country Homecenter of Crawfordsville, Indiana, Inc. v. Woods*, 725 N.E.2d 1006, 1008 (Ind.Ct.App.2000).

4. *E.g., Templeton v. Sam Klain & Son, Inc.*, 425 N.E.2d 89, 91 (Ind.1981).

5. *Coplay* involved an owner whose defense to a subcontractor's assertion of personal liability was more attenuated. The owner there had signed two separate contracts with the same contractor for work at two separate facilities. The contractor hired the same subcontractor to work on both jobs. The first job was completed as planned; a breach by the contractor on the second required the owner to incur substantial additional expense to complete it. The subcontractor claimed payment under the Personal Liability Statute for at least its work on the first job. The Seventh Circuit was faced with the question of whether the owner could offset the damages it incurred because of the contractor's breach on the second job against what it would otherwise owe the subcontractor for the first. The court held that setoff was available on these facts. Pointing out that in a lawsuit by the contractor against the owner for payment on the first job, the court noted that the owner would have a permissive counterclaim for damages incurred because of contractor's breach on the second job. If setoff would have been proper in litigation between the owner and the contractor, the court said, then the subcontractor loses. Because setoff meant that the owner did not owe the contractor the full price of the contract on the first job, it did not owe the subcontractor, "be [the subcontractor] pure as the driven snow." *Coplay*, 983 F.2d at 1436; 1441.

owed it. The "amount due," both for purposes of Owner's dispute with Contractor and for purposes of the Personal Liability Statute, is determined by establishing the amounts of and then netting out the opposing claims. As Judge Posner says:

> [I]t is not the purpose of the personal-liability law to shift the burden of the general contractor's bankruptcy from the subcontractors to the owner, but merely to place the subcontractor in the place that the general contractor would have occupied in a lawsuit with the owner.

*Coplay*, 983 F.2d at 1441–2. While this result may appear harsh to an innocent subcontractor, we note that a subcontractor's rights under the Personal Liability Statute are in addition to a subcontractor's rights under the Mechanic's Lien Statute and to any remedies that it may have against its contractor.

 If we take at face value the trial court's finding that Owner's cost "to repair and replace the defective work done by [Contractor] far exceed the amounts [Owner owes Contractor]," it would appear that there are no "amounts due" Contractor by Owner. If that be so, Subcontractor is not entitled to recovery under the Personal Liability Statute. But there is one aspect of the Court of Appeals opinion that gives us pause. "[T]here was also evidence that much of the amount [Owner] ultimately paid was for items . . . for which [Owner was] credited by [Contractor], and for upgrades not provided in the contract," the Court of Appeals said. *Mercantile*, 732 N.E.2d at 1292. This suggests that the trial court did not in fact find that there were no "amounts due" Contractor by Owner. Resolution of this (fact-bound)

question is rendered unnecessary by Part II of this opinion.

## II

In *Background, supra,* we noted that the trial court granted summary judgment in Owner's favor on the mechanics' lien issue, only to turn around at the end of trial and hold that Subcontractor held a mechanics' lien after all. Arguing that it was awarded summary judgment on Subcontractor's mechanics' lien claim and that Subcontractor did not include a personal liability claim in its complaint, Owner contends that there was simply no cause of action between Owner and Subcontractor on which the trial court could make an award. As to why Subcontractor was present throughout trial if it had no claim against Owner, Owner says it was only to litigate Subcontractor's claims against Contractor.

The Court of Appeals agreed with Owner that it was error to find Owner liable to Subcontractor on the mechanics' lien theory. But, as discussed in Part I, *supra,* that court did find that Owner was liable to Subcontractor under the Personal Liability Statute. In reaching this conclusion, the Court of Appeals relied on Trial Rule 15(B) which allows an issue not pleaded by either party to be litigated at trial if the parties impliedly consent at trial.[6]

 There are generally two factors to be considered when addressing whether a party has impliedly consented to a non-pleaded issue at trial. The first is whether the opposing party had notice of the issue; the second, whether the opposing party objected to the issue being litigated at trial. *Wampler v. Tusing,* 711 N.E.2d 533, 536 (Ind.Ct.App.1999), *trans. denied.* If

---

6. Trial Rule 15(B) states, in relevant part, "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

the opposing party both had notice and failed to object at trial, then that party will have impliedly consented to the non-pleaded issue at trial. *See id.*

The Court of Appeals detailed four ways that Owner had notice: (1) Subcontractor named Owner as a defendant; (2) Subcontractor notified Owner that Subcontractor was going to attempt to hold Owner personally liable; (3) Subcontractor notified the trial court of its claim and intention to recover from Owner; and (4) Subcontractor presented evidence at trial of Owner's liability. *Mercantile,* 732 N.E.2d at 1291.

 The analysis of the Court of Appeals ends at this point. But as *Wampler* points out, a second step is required: whether there was any objection by Owner to the issue Subcontractor was attempting to litigate. We find such an objection by Owner in the record. During Subcontractor's direct examination of a witness to prove the existence of the obligations between Contractor and Subcontractor, Subcontractor attempted to introduce into evidence the notice of intent to hold Owner personally liable that it sent to Owner. Owner objected to the introduction of this notice as irrelevant on the grounds that the trial court had previously dismissed any claim Subcontractor had directly against Owner. Subcontractor replied, "All it is is [sic] a claim against any funds that are ultimately found to be due by [Owner] to [Contractor]." Owner's final objection was in the form of a question to the court, "If there's no claim against [us] then why are we putting this in evidence?" Notwithstanding Owner's objection, the trial court allowed the exhibit to be admitted.

Subcontractor argues Owner waived the right to utilize this objection by later cross-examining Subcontractor's witness on the issues raised in the direct examination. We do not find that the cross-examination constituted consent to the personal liability issue being litigated. To hold the objection waived would create an unnecessary difficulty for a party that wishes to preserve an issue for appeal, once its objection has been overruled at trial. We find that Owner validly objected to the personal liability issue being litigated, and although Owner had notice of this issue, Owner did not impliedly consent to it being litigated within the meaning of Trial Rule 15(B).

*Conclusion*

We grant transfer pursuant to Indiana Appellate Rule 58, thereby vacating the opinion of the Court of Appeals, and reverse the judgment of the trial court in favor of Subcontractor.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.