**Jerry PARDUE and Linda Pardue, Husband and Wife, Appellants– Plaintiffs,**

v.

**Jerry SMITH and Linda Smith, Husband and Wife, Stephen M. Carter and Carolyn Sue Carter, Husband and Wife, and The Town of Plainfield, Indiana, Appellees–Defendants.**

No. 32A01–0612–CV–576.

Court of Appeals of Indiana.

Oct. 22, 2007.

---

Kimberly L. Cohen, Drewry Simmons Vornehm, LLP, Indianapolis, IN, Attorney for Appellants Jerry and Linda Pardue.

Betty M. Conklin, Danville, IN, Attorney for Appellees Jerry and Linda Smith.

Douglas W. Meyer, Plainfield, IN, Attorney for Appellees Stephen M. and Carolyn Sue Carter.

Melvin R. Daniel, James B. Chapman II, Dann Pecar Newman & Kleiman, P.C., Indianapolis, IN, Attorneys for Appellee Town of Plainfield.

## OPINION

BRADFORD, Judge.

Appellants–Plaintiffs Jerry Pardue and Linda Pardue (collectively, "the Pardues") appeal the trial court's judgment, following a bench trial, in favor of Jerry Smith and Linda Smith (collectively, "the Smiths"), Stephen M. Carter and Carolyn Sue Carter (collectively, "the Carters"), and the Town of Plainfield ("Plainfield") with regard to the alleged dedication of certain real property to Plainfield and an easement by necessity across the land.

The Pardues raise three issues on appeal, which we consolidate and restate as:

(1) whether the trial court erred in determining that the disputed property had been dedicated to the public; and (2) whether the evidence was sufficient to support a claim for an implied easement by prior use. Plainfield, in turn, requests appellate attorneys' fees pursuant to Indiana Appellate Rule 66(E).

Concluding that the trial court properly denied the Pardues' requested relief, we affirm. Additionally, we decline Plainfield's request for attorneys' fees.

## FACTS AND PROCEDURAL HISTORY

Prior to 1980, the Smiths owned two adjacent parcels of real estate located at the northern end of Gibbs Street in Plainfield. The Smiths' residence sat on the northern end of their property at 559 N. Gibbs Street. In approximately 1980, Jerry Smith applied for a permit to build a second residence on the smaller parcel, which was located at the southern end of the Smiths' property. In connection with the issuance of the building permit, Gibbs Street was to be extended to the northern corner of the smaller parcel owned by the Smiths. The Smiths owned half of the land that was needed to extend Gibbs Street, and their neighbor, Mr. Lyons, owned the other half. Jerry Smith represented that initially, both he and Lyons were willing to dedicate to Plainfield the property needed to extend Gibbs Street, but Lyons subsequently revoked his offer. Upon learning of the revocation of Lyons's offer, a Plainfield official told the Smiths to "forget it" and that it did not want half of the street. Plainfield has never since demanded that the Smiths or any subsequent owners convey the property to it. Plainfield has had no further legal involvement in this matter since granting the Smiths the building permit.

After receiving the building permit from Plainfield, the Smiths constructed a new home on the parcel at the southern end of their property, at 517 N. Gibbs Street, and situated the home with a garage facing west toward Gibbs Street. Neither the Smiths nor Plainfield ever extended Gibbs Street. The driveway at 517 N. Gibbs Street crosses over a portion of 559 N. Gibbs Street. The Smiths rented the new home at 517 N. Gibbs Street to the Pardues sometime after it was built in 1981. The Pardues used the driveway to gain access to Gibbs Street.

On October 27, 1988, the Smiths sold the property at 559 N. Gibbs Street to the Carters. Upon obtaining a copy of the mortgage survey, the Carters discovered that the driveway coming from 517 N. Gibbs Street encroached upon their lot. The Carters subsequently notified the Pardues that the driveway encroached upon their land. The Pardues continued using the driveway to gain access to Gibbs Street.

On July 2, 1996, the Pardues bought the property at 517 N. Gibbs Street from the Smiths. After purchasing the property, the Pardues obtained a staked survey of their property. The May 5, 1997 staked survey verified that their driveway encroached upon the land owned by the Carters and that 517 N. Gibbs Street had 12.38 feet of access directly onto Gibbs Street along the southern end of their lot. Despite the results of the staked survey, the Pardues were unwilling to curve their driveway to the south across their 12.38 feet of access to Gibbs Street because, according to their testimony, "it wouldn't look right" and they did not believe their lot was big enough for vehicles to turn around in the driveway. Appellant's App. 14, 15. Additionally, the Pardues testified that there was a telephone pole and a manhole located within their 12.38 feet of access to Gibbs Street, which they believed

would make moving their driveway impractical.

On November 17, 2006, the trial court conducted a bench trial at which the parties presented evidence relating to the Pardues' Verified Complaint alleging that they were entitled to an easement by necessity across the Carters' property and that the Smiths had breached their warranty of title. The Complaint further requested that the court order that Gibbs Street be "completed" by either the Smiths or Plainfield. At the conclusion of the trial, the Pardues moved that the trial court conform the pleadings to the evidence.[1]

On November 29, 2006, the trial court entered its Findings of Fact and Conclusions of Law. The trial court concluded: (1) that the Pardues failed to prove all the elements necessary for an easement by prescription or adverse possession; (2) that the Pardues failed to prove that they were entitled to an easement by necessity over the Carters' real estate to access Gibbs Street; (3) that the Pardues failed to prove that the Smiths breached their warranty of title; and (4) that the Pardues' claim for the enforcement of the alleged agreement to dedicate Gibbs Street was without merit. The trial court granted Plainfield's Motion to Dismiss and denied the Pardues' Complaint of all relief requested. This appeal follows.

## DISCUSSION AND DECISION

### I. Standard of Review

When, as here, the trial court enters specific findings of fact and conclusions of law we apply a two-tiered standard of review. *Anthony v. Ind. Farmers Mut. Ins. Group,* 846 N.E.2d 248, 252 (Ind. Ct.App.2006). We first must determine whether the evidence supports the findings and then must determine whether the findings support the judgment. *Id.* We will reverse the judgment only when it is clearly erroneous. *Id.* Where, as in this case, the trial court enters such findings and conclusions *sua sponte,* the specific findings control only as to the issues they cover, while a general judgment standard applies to any issue upon which the trial court has not found and we may affirm a general judgment on any theory supported by the evidence adduced at trial. *Nelson v. Marchand,* 691 N.E.2d 1264, 1267 (Ind. Ct.App.1998).

We also note that the Pardues are appealing from a negative judgment. A party appeals from a negative judgment when it had the burden of proof at trial, and such party will only prevail if it establishes that the judgment is contrary to law. *Helmuth v. Distance Learning Sys. Ind., Inc.,* 837 N.E.2d 1085, 1089 (Ind.Ct.App. 2005). A judgment is contrary to law when the evidence is without conflict and all reasonable inferences to be drawn from the evidence lead only to one conclusion, which differs from the conclusion reached by the trial court. *The Blakley Corp. v. EFCO Corp.,* 853 N.E.2d 998, 1002 (Ind.Ct. App.2006).

We further observe that pursuant to the notion of fairness, a party may

---

1. It must be noted that there is some dispute among the parties as to whether the trial court granted the Pardues' Motion to Conform the Pleadings to the Evidence. The trial court did not expressly grant or deny this motion. However, the trial court did discuss the one issue specifically mentioned in conjunction with the Pardues' motion, specifically whether the Pardues were entitled to an easement by prescription, in its Findings of Facts and Conclusions of Law. Therefore, we will assume for the purposes of this appeal that the trial court did in fact grant the Pardues' Motion to Conform the Pleadings to the Evidence.

not change its theory on appeal and argue an issue that was not properly presented to the trial court. *Carter v. Estate of Davis*, 813 N.E.2d 1209, 1213 (Ind.Ct.App. 2004). Nor may a party raise a new issue on appeal under the cloak of evidence relevant to a similar, yet distinct issue that was properly pled before the trial court. *See Wampler v. Tusing*, 711 N.E.2d 533, 536 (Ind.Ct.App.1999) The notion of fairness requires that "the opposing party have 'some notice that an issue is before the Court which has not been pleaded or has not been agreed to in a pre-trial order.'" *Id.* at 535 (quoting *Aldon Builders, Inc. v. Kurland*, 152 Ind.App. 570, 580, 284 N.E.2d 826, 832 (1972)). "Both parties must litigate the new issue, and implied consent will not be found unless the parties know or should have known that the unpleaded issue was being presented." *Id.* at 536. "This is particularly true when the new issue is not unequivocally clear from the evidence presented at trial." *Id.* "Implied consent to trial of an unpleaded issue may not be deduced merely because evidence relevant to a properly pleaded issue inferentially suggests an issue not within the pleadings." *Id.*

## II. Common Law Dedication of Land For Public Use

■ Upon appeal, the Pardues allege that the trial court erred by failing to find that the land in question had been dedicated to the public by means of common law dedication. The Pardues admit that they never used the term "common law dedication" before the trial court, but claim that this legal theory was the essence of their claim for relief. The Pardues further allege that even if they did not specifically plead the issue of common law dedication before the trial court, they nevertheless presented sufficient evidence to support this theory and therefore properly raised it by means of their Motion to Conform the Pleadings to the Evidence.

We conclude that the Pardues did not properly raise this issue before the trial court and have therefore waived the right to raise this issue on appeal. The evidence presented before the trial court was insufficient to notify the adverse parties, and specifically Plainfield, that the issue of common law dedication was properly before the court. In fact, the vast majority of the evidence presented before the trial court focused on the Pardues' dispute with the Carters over the Pardues' alleged entitlement to an easement by necessity. The only evidence before the trial court relating to the question of common law dedication was testimony by Mr. Smith that initially both he and Lyons had agreed to donate the land needed to extend Gibbs Street to Plainfield, that Lyons had subsequently revoked this offer, that Plainfield officials became disinterested, and that Plainfield has never since demanded conveyance of the land. These statements, which were relevant to determining what legal interest, if any, Plainfield had in the dispute, were insufficient to put the opposing parties on notice that the issue of common law dedication was properly before the trial court.

Furthermore, the Pardues had the opportunity to specify to the trial court that they believed the evidence supported the contention that the land had been dedicated to the public by means of common law dedication when making their Motion to Conform the Pleadings to the Evidence, but they failed to do so. The only new issue raised at that time by the Pardues was whether they were entitled to an easement by prescription, which, after taking the matter under advisement, the trial court resolved against them.

Therefore, we conclude that the Pardues did not properly raise the issue of common

law dedication of the disputed property before the trial court. As this is the only substantive basis upon which the Pardues requested the trial court to order Plainfield to complete the alleged dedication and construction of Gibbs Street, we find no clear error in the trial court's denial of the Pardues' claims against Plainfield.[2]

### III. Easement By Necessity/Prior Use

■ At trial, the Pardues alleged that they were entitled to an easement for continued use of the driveway under the theory of easement by necessity. Upon appeal, however, the Pardues allege that they are entitled to an easement for continued use of the driveway under the theory of easement by prior use. The Pardues argue that, in spite of these differing theories, they did not waive their claim of easement of prior use. In support of their argument, the Pardues argue that although their theory of recovery before the trial court was an easement by necessity, this theory has been used interchangeably with the theory of easement by prior use. Because the claims are closely related, the Pardues claim they therefore properly raised both theories before the trial court. We disagree. The fact that other courts may have misapplied the two claims does not suggest that the claims are interchangeable. A party does not circumvent the prohibition of raising new claims on appeal simply because he raised a similar claim before the trial court. *See Wampler,* 711 N.E.2d at 536.

■ An analysis of the two theories demonstrates that a claim for an easement by necessity and a claim for an easement by prior use, while similar in origin, are separate and distinct claims. An easement of necessity will be implied *only* when there has been a severance of the unity of ownership of a tract of land in such a way as to leave one part without *any* access to a public road. *See Wolfe v. Gregory,* 800 N.E.2d 237, 241 (Ind.Ct.App.2003). On the other hand, an easement of prior use will be implied "where, during the unity of title, an owner imposes an apparently permanent and obvious servitude on one part of the land in favor of another part and the servitude is in use when the parts are severed ... if the servitude is reasonably necessary for the fair enjoyment of the part benefited." *Hysell v. Kimmel,* 834 N.E.2d 1111, 1114 (Ind.Ct.App.2005), *trans. denied.* Unlike a landowner requesting an easement by necessity, a landowner requesting an easement by prior use does not need to show absolute necessity. *See id.* at 1115. The focus of a claim for an easement by prior use is the intention for continuous use, while the focus of a claim for an easement by necessity is the fact of absolute necessity.

■ Given the clearly separate tests for these two theories, we conclude that an easement by necessity and an easement by prior use are not so similar as to require a trial court to consider both when only one is alleged. Accordingly, because the Pardues failed to raise the issue of whether or not they were entitled to an easement by prior use before the trial court, they have waived the issue upon appeal.

■ The Pardues argue in the alternative that they presented sufficient evidence before the trial court to effectively put the opposing parties on notice that the issue of whether or not they were entitled to an

---

2. The Pardues also allege that the trial court erred by granting Plainfield's Motion to Dismiss on the basis that the statute of limitations had expired. We need not address this claim, however, because the Pardues' only substantive basis for relief from Plainfield was common law dedication, which we have concluded was not properly raised or argued below.

easement by prior use was being litigated before the trial court. Again, we disagree. At no time did the Pardues specify to either the trial court or the adverse parties that they believed that the evidence supported a finding of an easement by prior use, nor did they present sufficient direct evidence to support this claim. The only relevant evidence presented by the Pardues established that prior to 1988, the properties had common ownership and that they had been using the driveway since moving into the house since 1981. We conclude that these facts alone did not sufficiently notify the adverse parties that the issue of whether an implied easement by prior use exists was being litigated before the trial court, because these same facts were also relevant to the Pardues' claim for an easement by necessity. As we stated above, the Pardues had the opportunity to explicitly raise this issue when they moved for the trial court to conform the pleadings to the evidence. Having failed to do so, we will not find clear error in the trial court's failure to award relief on this basis.

As the Pardues present no further challenge to the trial court's denial of their claim for an easement by necessity, we find no clear error in the trial court's denial of relief on this point.

### IV. Appellate Attorneys' Fees

▇▇▇▇ Plainfield requests that we award it appellate attorneys' fees pursuant to Indiana Appellate Rule 66(E), which provides that this court may assess damages if an appeal is frivolous or in bad faith and that such damages are discretionary and may include attorneys' fees. However, our discretion to award attorneys' fees is limited to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or the purpose of delay. *Thacker v. Wentzel,* 797 N.E.2d 342, 346 (Ind.Ct.App.2003). "Addi-

tionally, while Indiana Appellate Rule 66(E) provides this Court with discretionary authority to award damages on appeal, we must use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal." *Id.*

▇▇▇▇ Although we ultimately affirm the judgment of the trial court, we decline Plainfield's request for attorneys' fees. The record does not support a finding that the Pardues' claims, as levied against Plainfield, while ultimately unsuccessful, were permeated with bad faith, frivolity, or vexatiousness. As such, the award of appellate attorneys' fees in favor of Plainfield is unwarranted.

Having concluded that the Pardues waived their claim of common law dedication as well as their claim for the establishment of an easement by prior use, we affirm the judgment of the trial court in favor of the Carters, the Smiths, and Plainfield. Having further concluded that Plainfield's request for attorneys' fees is unwarranted, we deny its request for such relief.

The judgment of the trial court is affirmed and the Town of Plainfield's request for attorneys' fees is denied.

NAJAM, J., and MATHIAS, J., concur.