CONTINENTAL ENTERPRISES, INC. *v.* MILDRED CAIN.

[No. 3-373 A 28. Filed May 24, 1973. Rehearing denied July 25, 1973. Transfer denied October 23, 1973.]

*Kenneth A. King,* of Kendallville, for appellant.

*Glen E. Thrapp, Thrapp & Thrapp,* of Kendallville, *Phil M. McNagny , Jr.,* of Columbia City, for appellee.

SHARP, J.—The Appellant, Continental Enterprises, Inc., filed a suit to establish a way of necessity over and across the lands owned by the Appellee, Mildred Cain. The trial court sustained the Appellee's motion for summary judgment and appropriately stated reasons therefor. In sum, the court found that there had been no unity of ownership between the lands of the Appellant and Appellee other than in the United States of America in 1836 and therefore a way of necessity could not arise.

It was established by the affidavit of Glenn E. Thrapp, one of the attorneys for the Appellee, that no common ownership ever existed in the lands now owned by the Appellant and the lands owned by the Appellee except that both were a part of the public domain of the United States of America before 1836. The affidavit of B. W. Jansen, Jr., the immediate predecessor in title to the Appellant's land, Anthony Wayne Council Boy Scouts of America, never claimed any rights or a roadway across the Appellee's land but instead had tried to purchase a roadway across that land. The Attorney for the Appellant conceded that he was unable to prove that a unity of ownership ever existed.

It is elementary that any cause of action or claim to establish a way of necessity is the existence of a unity of ownership in the real estate owned by the Appellant and Appellee at some previous time. Indiana, as well as leading text and treatises on the subject, subscribe to that rule. See *Stewart* v. *Hartman, et al.* (1874), 46 Ind. 331; *State ex rel. McNutt, et al.* v. *Orcutt* (1936), 211 Ind. 523, 199 N.E. 595; *Switzer* v. *Armantrout* (1939), 106 Ind. App. 468, 19 N.E.2d 858; *Moore* v. *Ind. & Mich. Elec. Co.* (1950), 229 Ind. 309, 95 N.E.2d 210. See also, 2 Thompson on Real Property, § 362, p. 416; 28 C. J. S., *Easements,* § 36, p. 699; and 25 Am Jur 2d, *Easements and Licenses,* § 35.

The facts that the tracts of land in question were at one time a part of the public domain does not furnish a basis for claiming a unity of title. *Bully Hill Copper Min. & Smelting Co.* v. *Bruson,* 4 Cal. App. 180, 87 Pac. 237, and *State* v. *Black Brothers,* 116 Tex. 615, 297 S. W. 213, 53 A. L. R. 1181. See also, 25 Am Jur, *Easements and Licenses,* § 35.

The Plaintiff-Appellant has submitted no affidavits or other proof from which it could be possibly inferred that the tracts of land referred to in the Appellant's complaint were ever held in common ownership. In this regard the amended complaint of the Plaintiff does not allege that such common ownership ever existed. Even given the liberal intendments of Rule 56 with reference to the contents of pleadings and affidavits this record does not disclose anything which would infer a genuine issue of material fact. On the contrary, it clearly discloses that the Appellee is entitled to a judgment as a matter of law. Therefore, the decision of the trial court should be and hereby is affimed.

Judgment affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 296 N.E.2d 170.