563 N.E.2d 636 (1990)
In re the MARRIAGE OF Shirley J. WOOTEN, Appellant (Respondent below), and
James H. Wooten, Appellee (Petitioner below). Shirley J. Wooten, Appellant (Respondent and Judgment-Creditor below), and Katz, Brenman & Angel, Appellant (Judgment-Creditor below),
v.
Gary Community School Corp., Appellee (Garnishee-Defendant below).
No. 45A03-8905-CV-00198.
Court of Appeals of Indiana, Third District.
December 6, 1990.
*637 J. Douglas Angel, Katz, Brenman & Angel, Merrillville, for appellants.
Rochelle D. Moody, Gary, for Gary Community School Corp.
Sherry L. Clarke, Eichhorn, Eichhorn & Link, Hammond, for James H. Wooten.
STATON, Judge.
In this consolidated appeal, Shirley Wooten and her attorneys contest two separate judgments arising out of a dissolution and property settlement proceeding. After consolidation, however, the appeal pertaining to the trial court's March 13, 1989 order was resolved by the parties' stipulation.[1] Thus, we need only address the appeal directed to the trial court's order of April 28, 1989. This appeal raises the sole issue of whether the trial court erred when it refused to enforce an order of garnishment retroactive to the time interrogatories were *638 served on the garnishee, Gary Community School Corporation (the School).
Reversed and remanded.
On November 1, 1985, Wooten recovered a judgment against her ex-husband, James, in the amount of $71,195.56, while her attorneys secured a judgment of $5,821.95. Wooten and her attorneys filed proceedings supplemental petitions to collect their respective awards. The School, as garnishee, was ordered to answer interrogatories. The petitions, orders and interrogatories were served, without summons, by certified mail. The School filed its answers to the interrogatories on February 7, 1986, and did not file any defenses nor object to the sufficiency of process.
On March 11, 1988, the trial court found that the School had been served with process on or before February 7, 1986, and ordered James' earnings to be garnished from that date. The School did not appeal from that order. A few months later, Wooten and her attorneys filed petitions to enforce the order, and the School filed its motion for relief from the March 11, 1988 order. The trial court denied Wooten's petitions to enforce the order against the School.
Wooten acknowledges that she now appeals a negative judgment. For this court to reverse we must find that the judgment is contrary to law; that is, where the evidence is without conflict and leads to a conclusion opposite to that reached by the trial court. General Collections, Inc. v. Ochoa (1989), Ind. App., 546 N.E.2d 113, 114. In addressing the question of whether a negative judgment is contrary to law, we consider only the evidence on the record most favorable to the prevailing party without reweighing the evidence or judging the credibility of witnesses. Id.; Craig v. ERA Mark Five Realtors (1987), Ind. App., 509 N.E.2d 1144, 1146.
Wooten alleges that the trial court committed reversible error by failing to enforce the order because a creditor acquires an equitable lien on funds owed by a third party to the judgment debtor from the time the third party receives service of process in proceedings supplemental. Radiotelephone Co. of Indiana, Inc. v. Ford (1988), Ind. App., 531 N.E.2d 238. In his opinion in Radiotelephone, Judge Buchanan traced the origin of such a creditor's lien to the equitable powers of the court, as stated in Butler v. Jaffray (1859), 12 Ind. 504. Our supreme court went on to recognize that a lien arose in favor of the creditor from the time of service of process on the judgment debtor and on third parties indebted to the judgment debtor. Cooke v. Ross (1864), 22 Ind. 157.
The principle that a judgment debtor could not make valid assignments after the creation of the lien "was extended to hold a third party liable for funds wrongfully paid to a judgment debtor after the third party was named a defendant in proceedings supplemental." Radiotelephone, supra, at 241 (emphasis in original). Judge Buchanan, recognizing the necessity of preserving the judgment debtor's property pending the resolution of proceedings supplemental, observed:
If it were not for the equitable lien created at the time of service of process in proceedings supplemental, a judgment debtor could easily defeat a lien by assignment of the debt or otherwise collecting money owed him by third parties. The equitable lien is intended to preserve the property of the judgment debtor in the hands of a third party pending review and disposition by the proceedings supplemental court.
Id. at 241. We agree with Wooten, and find that she acquired an equitable lien on funds from the moment the interrogatories were served upon the School.
The School argues, however, that Wooten actually brought a prejudgment attachment and garnishment action under IND. CODE 34-1-11-1 (1988), and that the procedural safeguards required by the statute, such as an affidavit by the plaintiff and the posting of a bond,[2] were not complied with. Therefore, they conclude that *639 no order of garnishment could properly have been entered in this case.
This argument completely mischaracterizes the nature of the proceedings below. The record discloses that on February 3, 1986, the School received two sets of interrogatories attached to a document with the appellation "PETITION FOR PROCEEDINGS SUPPLEMENTAL." The petitions indicated that the plaintiffs, Wooten and her attorneys, owned judgments in the amounts of $74,795.56 and $5,821.95, respectively. The statutes referred to by the School have no application where a judgment has already been secured. There can be no doubt that this proceeding is a post-judgment action, and not prejudgment attachment and garnishment pursuant to IC XX-X-XX-X et seq.
On March 11, 1988, the trial court issued the following findings and its orders:
1. That the Garnishee-Defendant, Gary Community School Corporation, was served with process on or before February 7, 1986.
2. That since said date, the Judgment-Debtor has had and received earnings from the Garnishee-Defendant.
3. That since said date, the Garnishee-Defendant may have collected voluntary contributions from the Judgment-Debtor's earnings for distribution to various annuities as part of a deferred income plan.
IT IS THEREFORE ORDERED that the Garnishee-Defendant, Gary Community School Corporation, forthwith pay to the Clerk of this Court, to be credited against the judgment(s) in the within cause, a sum equal to any and all amounts or sums contributed by the Judgment-Debtor, or withheld from his earnings, since February 7, 1986, as part of any deferred income plan including, but not limited to, the General American Life Insurance Company and/or the Variable Annuity Life Insurance Company, or their agent(s), servant(s), nominee(s) or designee(s).
IT IS FURTHER ORDERED that the Garnishee-Defendant pay to the Clerk of this Court, to be applied toward satisfaction of the judgment(s) in the within cause, the following amount(s) which were, or should have been withheld from the earnings of the Judgment-Debtor since February 7, 1986. Those withholdings shall be in an amount equal to the lesser of the following sums:
(a) Twenty-five percent (25%) of said earnings after subtracting income taxes and social security withholdings per week, or
(b) All of said earnings after subtracting income taxes, social security withholdings and One Hundred and 50/100 Dollars ($100.50) per week.
The School makes the bald assertion that this order is void because it was based on an "erroneous statutory section," but provides this court with no argument or authority in support of its claim. Therefore, this argument is waived. Ind.Rules of Procedure, Appellate Rule 8.3(B). Moreover, the trial court made no mention of the prejudgment garnishment and attachment statute in its order.
For these reasons, and because the School did not challenge the finding that it had been adequately served,[3] the March 11, 1986 order is not void.
Considering only the evidence most favorable to the School, we must still conclude that Wooten acquired a lien on the funds held by the School once it received service of process. The School paid the money to James knowing of the judgments in the concluded dissolution proceeding. Therefore, the decision of the trial court in failing to direct compliance with the order of March 11, 1988 is contrary to law, and this cause is accordingly reversed and remanded.
*640 This court is also asked to determine whether amounts that the School withheld from James' earnings for contributions to an annuity as part of a deferred income plan are exempt from garnishment. The School contends that an annuity is not garnishable because it is not income, citing IC XX-X-XX-X and 26 U.S.C.A. § 403(b). While the School may not find succor in these statutes, we agree that amounts held in an annuity are generally exempt from garnishment. See Annotation, Employee Retirement Pension Benefits as Exempt from Garnishment, Attachment, Levy, Execution, or Similar Proceedings, 93 A.L.R.3d 711, § 5[b] (1979). A deferred compensation plan, such as that in which James is enrolled, acts as an incentive to the faithful discharge of duties during the period of service by protecting employees' contributions for periods in which they are unable to work.
This does not mean, however, that the School is relieved of liability for amounts that James voluntarily contributed to the plan from his wages as a teacher. As recognized by the trial court in the order of March 11, 1988, these earnings are subject to garnishment. The principles outlined in Radiotelephone, supra, which hold a garnishee liable to a judgment creditor for amounts paid to the judgment debtor apply to hold the garnishee liable for amounts paid to a third party at the direction of the judgment debtor. Amounts contributed by the School, if any, are not considered wages and are exempt from garnishment.
Failure of the trial court to enforce the order of March 11, 1988 was contrary to law. Reversed and remanded.
HOFFMAN, P.J., and ROBERTSON, J., concur.
NOTES
[1] The order of March 13, 1989 reduced Wooten's property settlement award from $71,195.56, as entered on November 1, 1985, to $44,136.60. The parties agree that this reduction was in error and request that the cause be remanded to the trial court to reinstate the original award. Accordingly, we remand under the authority of Ind.Rules of Procedure, Appellate Rule 15(N)(3) with instructions to enter and approve the order submitted by the parties.
[2] IC XX-X-XX-X.1, -5.
[3] The School did not question whether notice of the lien was complete and clear enough to satisfy constitutional standards of due process; hence, we need not address it. As indicated by Judge Buchanan, however, the better practice would be for the judgment creditor, Wooten in this case, to clearly indicate the existence of the equitable lien in the body of the summons. Radiotelephone, supra, at 242 n. 2.