**Roger McCONNELL and Susan McConnell, Appellants– Counterclaimants,**

v.

**Margaret SATTERFIELD, Appellee– Counterdefendant.**

**No. 11A01–9011–CV–456.**

Court of Appeals of Indiana, First District.

Aug. 22, 1991.

Gary G. Hanner, Hanner Hanner & Hanner, Rockville, for appellants-counterclaimants.

Stephen S. Pierson, Indianapolis, for appellee-counterdefendant.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Roger and Susan McConnell appeal the denial of their counterclaim against Margaret Satterfield. We affirm.

## ISSUES

The sole issue raised by the McConnells is whether the trial court erred in denying their counterclaim, finding that the McConnells do not have a reasonable way of necessity or an implied easement to a portion of their land?

Satterfield raises the issue of whether she should be awarded damages and attorney's fees for defending a frivolous and vexatious appeal.

## FACTS

Satterfield owns real estate adjacent to property owned by the McConnells. Satterfield's property is referred to as Lot A, and the McConnells's lot is Lot B. In 1974, both Lot A and B were owned jointly by Margaret and William Satterfield, Margaret's former husband. In 1986, when the Satterfields divorced, Margaret received the property. A driveway had been installed in 1966 between Lots A and B. A garage also was constructed on the northern portion of Lot B in 1972. The driveway led to a parking area next to the garage. However, the Satterfields used the garage only for storage. After foreclosure on Lot B, the McConnells bought Lot B at a sheriff's sale in 1989. The McConnells were aware that the driveway was located on Lot A and that no easement had been granted allowing Lot B to use the driveway. The McConnells used the driveway to get to their garage despite Satterfield's objections. On July 2, 1989, Satterfield erected a split rail fence on Lot A along the driveway to preclude use of the driveway by the McConnells. The McConnells dismantled the fence and continued to use the driveway.

Satterfield filed suit for ejectment, quiet title, and damages. The McConnells counterclaimed alleging an implied easement by necessity. The trial court entered judgment quieting title in favor of Satterfield, enjoining use of the driveway by the McConnells, finding damages to the fence in the amount of $562.43, and also awarding $100 nominal damages for trespass. The court held against the McConnells on their counterclaim, finding no implied easement by necessity to use the driveway. The McConnells appeal the denial of their counterclaim.

## DISCUSSION AND DECISION

*Issue One*

The McConnells contend that the trial court erred in not finding an implied easement by necessity. The McConnells must establish that the judgment is contrary to law since they are appealing a negative judgment on their counterclaim.

*See In re Marriage of Wooten* (1990), Ind. App., 563 N.E.2d 636, 638. We will reverse only if the evidence is without conflict and leads to a conclusion opposite that of the trial court. We consider only the evidence on the record most favorable to the prevailing party without reweighing the evidence or judging the credibility of the witnesses. *Id.*

Generally, an easement will be implied where during the unity of title, an owner imposed an apparently permanent and obvious servitude on one part of the land in favor of another part, and the servitude was in use when the parts were severed, if the servitude is reasonably necessary for the fair enjoyment of the part benefited. *Fischer v. Revett* (1982), Ind. App., 438 N.E.2d 995, 996–97, *trans. denied.* The requirement of reasonable necessity does not do away with the requirement that some necessity be shown. *Id.* at 998. In *Fischer*, the court found that where a loop of a driveway was not necessary for ingress or egress but was more convenient, no easement was implied. *Id.* Similarly, Satterfield's driveway is not necessary for ingress or egress on McConnells's property. The McConnells admit that they are not landlocked and that they have means of access to their lot from the southern side which fronts on a public highway. The McConnells acknowledge that Indiana has not granted a way of necessity when only a portion of the land is inaccessible. However, the McConnells invite us to extend the rule granting implied easements to situations where only a portion of the land is inaccessible as they contend it is a natural progression of Indiana law.

The McConnells claim that the northern portion of the lot where the garage is situated is inaccessible except by way of Satterfield's driveway. The McConnells presented evidence that without the way of necessity, the McConnells would have to tear out part of the pool deck and retaining wall or place a driveway over a septic system to gain access to their garage. We decline the invitation to extend the rule to this situation, because we find that an implied easement by necessity was not intended to solve this type of problem. "[A] way of necessity must be more than convenient and beneficial, *for if the owner of the land can use another way, he can not [sic] claim by implication the right to pass over that of another to get to his own."* *Hunt v. Zimmerman* (1966), 139 Ind.App. 242, 245, 216 N.E.2d 854, 856 (citing *Shandy v. Bell* (1934), 207 Ind. 215, 223, 189 N.E. 627, 631) (emphasis added in *Hunt*).

Moreover, even if we would extend the rule, it would not apply here because the McConnells's northern portion of land is accessible. It may be difficult and expensive, but that is insufficient to create a way of necessity. The McConnells could have sought assurance of ready access to the garage by means of Satterfield's driveway when they bought Lot B if that was important to them. We do not find the trial court erred in not finding an implied easement by necessity.

*Issue Two*

Satterfield seeks damages and attorney's fees pursuant to Ind. Appellate Rule 15(G). In exercising our discretionary power to award damages on appeal, we must use extreme restraint. *Orr v. Turco Manufacturing Co.* (1987), Ind., 512 N.E.2d 151, 152. We must not punish new and creative argument; therefore, we will not impose sanctions unless an appellant's contentions and argument are utterly devoid of all plausibility. *Id.* at 153. Counsel for the McConnells make it clear that they are attempting to establish new law in Indiana. We do not find the issue on appeal frivolous. We refuse to award Satterfield damages and attorney's fees under A.R. 15(G).

Affirmed.

Costs assessed against the appellants.

BAKER and RUCKER, JJ., concur.