William F.F. COCKRELL,
Appellant–Plaintiff,

v.

Dorothy HAWKINS, Appellee–
Defendant.

No. 53A01–0107–CV–275.

Court of Appeals of Indiana.

March 8, 2002.

Daniel M. Mills, Bloomington, IN, Attorney for Appellant.

Edward F. McCrea, Aaron E. McCrea, Bloomington, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

William F.F. Cockrell appeals the trial court's judgment denying his request for an easement of necessity over the land of Dorothy Hawkins. Cockrell raises a number of issues on appeal, which we consolidate and restate as whether the trial court's denial of Cockrell's request for an easement of necessity was contrary to law. We affirm.

The facts most favorable to the judgment follow. On February 15, 1996, Cockrell purchased thirteen and one-third acres of real estate in Polk Township, Monroe County, Indiana. Cockrell purchased the land from thirty-four individuals who had acquired the real estate through intestate succession. When Cockrell purchased the real estate, he knew that no maintained access road connected the real estate to either Chapel Hill Road or Knob Creek Road, which are the two closest maintained public thoroughfares.

On November 12, 1999, Cockrell filed a complaint against Hawkins and Terry Smith in which Cockrell claimed that he had a right to an easement of necessity across Hawkins's and Smith's lands to enable him to reach Chapel Hill Road. Smith did not contest Cockrell's complaint for an easement, as long as Smith had some control over where the easement would be located. However, Hawkins opposed Cockrell's claim. A bench trial was held.

On June 28, 2001, the trial court denied Cockrell's request for an easement of necessity across Hawkins's land. The trial court's order contained, in pertinent part, the following findings of fact:

The land pertinent to the issues raised consists today of 5 different parcels. Parcels 4 and 5 are owned by [Hawkins], share a common east-west boundary, and are bordered to the north by Chapel Hill Road. Immediately to the south of tract 4 lies tract 8 which is also owned by [Hawkins]. Immediately to the south of tract 8 lies tract 9 which is owned by ... Smith. Finally, tract 10 lies immediately to the south of tract 9. Tract 10 is now owned by [Cockrell] and is the proposed dominant estate.

The title of land is a crucial issue in the case at bar. [Cockrell] contends that there was a unity of title between the pertinent parcels at the time of conveyance to him, thus resulting in an implied way of necessity across [Hawkins's] land for ingress and egress to his own.

It is not necessary to recite the entire history of title to each of the parcels. Tracts 4 and 5 have apparently always been joined and have never been severed from one another. Tracts 8, 9, and 10 originally composed one parcel of

land, but were subsequently severed, beginning in 1989.

Suffice it to say, [Hawkins] is now, and at all times pertinent was, the owner in fee simple of tracts 4, 5, and 8. Furthermore, title to a 1/120th interest in tract 10 devolved to her through intestate succession. The record of her titled interest in tract 10 is demonstrated only by a "small estate affidavit" which recited the interest to which she succeeded. On the date of the conveyance of tract 10 to [Cockrell], [Hawkins] simultaneously held the referenced interests in those four tracts.

[Hawkins] has never had any ownership interest in tract 9, which at all times pertinent to this case has been owned by [Smith], and the record discloses no unity of title to tracts 4, 5, 8, 9, and 10 at any point in time.

Until at least 1963, County Road 139 provided ingress and egress to and from tract 10 to Chapel Hill Road. The parties agree that there is no evidence that County Road 139 has ever been formally abandoned or vacated by Monroe County.

Appellant's Appendix at 7–8. The trial court concluded that Cockrell's claim to an easement of necessity failed because "there was never any unity of ownership of tracts 4, 5, 8, 9, 10, with tract 10 being subsequently severed, leaving it landlocked and giving rise to the implied intent of the original grantor to grant ingress and egress over the retained remainder" and because Cockrell "has other alternative means of ingress and egress and cannot demonstrate the necessity of imposing an involuntary easement across the lands of [Hawkins]." Appellant's Appendix at 10, 12.

■■■ The sole issue on appeal is whether the trial court's denial of Cockrell's request for an easement of necessity was contrary to law. Because Cockrell had the burden of proving his right to an easement of necessity, he is appealing a negative judgment. *See McConnell v. Satterfield,* 576 N.E.2d 1300, 1301 (Ind.Ct. App.1991). Consequently, on appeal, Cockrell must demonstrate that the trial court's judgment is contrary to law. *Id.* A judgment is contrary to law "if the evidence is without conflict and leads to a conclusion opposite that of the trial court." *Id.* at 1302. When determining whether a judgment is contrary to law, we may only consider the evidence most favorable to the judgment, and we may neither reweigh the evidence nor judge the credibility of the witnesses. *Id.*

■■■ In addition, because the trial court entered findings and conclusions, we review the findings and conclusions to determine whether they are clearly erroneous. *Hvidston v. Eastridge,* 591 N.E.2d 566, 568 (Ind.Ct.App.1992). Findings and conclusions are clearly erroneous if the record lacks any facts, or reasonable inferences therefrom, to support them. *Id.* Because the trial court entered the findings upon a party's request, we may affirm the trial court's judgment only if it is supported by the special findings. *Id.*

Here, our review of the Record leaves us firmly convinced that the trial court's findings of fact are not clearly erroneous. Each of the facts is supported by testimony or exhibits admitted into evidence at trial. Cockrell does not specifically claim that any of these findings are erroneous. Therefore, we turn to the trial court's conclusions.

[7–9] An easement of necessity will be implied when "there has been a severance of the unity of ownership of a tract of land in such a way as to leave one part without access to a public road." *Whitt v. Ferris,* 596 N.E.2d 230, 233 (Ind.Ct.App.1992).

An easement of necessity may arise, if ever, only at the time that the parcel is divided and only because of inaccessibility then existing. *Ind. v. Innkeepers of New Castle, Inc.*, 271 Ind. 286, 392 N.E.2d 459, 464 (1979). To demonstrate that an easement of necessity should be implied, a plaintiff must establish both unity of title at the time that tracts of land were severed from one another and the necessity of the easement.

For example, if a landowner conveys a piece of real estate that is completely surrounded by the landowner's remaining property, then we imply that the conveyance includes an easement across the landowner's remaining property. *Larabee v. Booth*, 463 N.E.2d 487, 492 (Ind.Ct. App.1984). In addition, if a conveyed piece of property has no outlet to a public road except by going across the grantor's remaining land or across the land of a stranger, the law implies a way of necessity over the grantor's remaining land, *Whitt*, 596 N.E.2d at 233, because an easement of "necessity cannot arise against the lands of a stranger." *Moore v. Ind. & Mich. Elec. Co.*, 229 Ind. 309, 315, 95 N.E.2d 210, 212 (1950) (citing *State ex rel. McNutt v. Orcutt*, 211 Ind. 523, 199 N.E. 595 (1936), *reh'g denied*, 211 Ind. 523, 7 N.E.2d 779).

To demonstrate that the easement is "of necessity," a plaintiff must demonstrate more than that the easement would be beneficial or convenient. *McConnell*, 576 N.E.2d at 1302. If the plaintiff has another means of accessing his land, he may not claim a right to pass over the land of another. *Id.* This rule controls even if the alternate means of access would be more difficult or expensive

for the plaintiff. *Id.; see also Reed v. Luzny*, 627 N.E.2d 1362, 1365 (Ind.Ct.App. 1994), *reh'g denied, trans. denied.*

Cockrell admits that an easement of necessity could not have arisen when tract ten came into existence. Originally, tracts eight, nine, and ten were part of a farm owned by Nolan Deckard. In 1939, when Deckard divided his farm into three tracts, Road 139 connected tract ten to both Chapel Hill Road and Knob Creek Road. Because tract ten had access to a public road when tract ten was created, an easement across someone else's property would not have been necessary. *See McConnell*, 576 N.E.2d at 1302. Therefore, no way of necessity arose when Deckard divided his farm into tracts eight, nine, and ten. *See Innkeepers of New Castle*, 392 N.E.2d at 464.

Nevertheless, Cockrell argues that a way of necessity arose when he purchased tract ten from Hawkins in 1996 because Hawkins owned tracts four, five, eight, and ten. On this point, Cockrell is incorrect for a number of reasons.

First, a way of necessity does not ever give rise to an easement across the land of a stranger. *Moore*, 229 Ind. at 315, 95 N.E.2d at 212. Therefore, when he purchased tract 10 from its thirty-four owners, Cockrell could not have been given an implied right to an easement across tract nine, which belongs to Smith and lies between Cockrell's tract ten and Hawkins's tract eight. *See id.* Cockrell claims that the fact that his easement of necessity would have to cross Smith's land should not bar his claim because Smith agreed to allow Cockrell to have an easement.[1] As-

---

1. Cockrell also claims that the trial court erred by referring to Smith as a "former co-Defendant" in the trial court's order granting judgment for Hawkins. Appellant's Appendix at 7. Because Cockrell did not file a motion to correct error prior to appealing the judgment, the trial court did not have an opportunity to explain this language. The most logical inter-

suming arguendo that Smith would give Cockrell an easement across tract nine, Cockrell's way of necessity argument still fails.

■ A way of necessity arises when a landowner splits his or her land and sells a portion of the land to someone else. *See, e.g., Whitt,* 596 N.E.2d at 233. Hawkins did not "split" tract ten from tracts four, five, and eight. Tract ten was split from tracts eight and nine in 1939 by Deckard. In addition, tract ten was not adjacent to Hawkins's tracts four, five, and eight, as Smith's tract nine was between tracts eight and ten. We fail to see how Hawkins could have "split" a tract of land from other land to which the tract was not attached. Her sale of a piece of land that was not adjacent to her remaining land would not have given rise to the implication that she intended to grant an easement across her remaining land.

Moreover, there was no unity of title between tracts four, five, eight, and ten when Cockrell purchased tract ten in 1996. In 1996, Hawkins alone owned tracts four, five, and eight. Hawkins and thirty-three relatives owned tract ten. Hawkins's share of tract ten was a mere 1/120th interest in that thirteen and one-third acres. We fail to see how unity of title could exist when Hawkins owned a one hundred percent interest in tracts four, five, and eight, but owned less than a one percent interest in tract ten.

■ Finally, an easement of necessity arises, if ever, only at the time that the parcel is divided and only because of inaccessibility then existing. *Innkeepers of New Castle,* 392 N.E.2d at 464. Cockrell admits that no easement of necessity was implied when Deckard divided his land into three parcels because tract ten had access to a public road at that time. If a way of necessity was not created at the time that the parcel was originally divided, then a subsequent necessity cannot now cause an easement of necessity to come into existence. *Id.*

The trial court's findings support its conclusion that Cockrell failed to demonstrate the unity of title that would be required for an easement to be implied across Hawkins's land. *See Continental Enterprises, Inc. v. Cain,* 156 Ind.App. 305, 306, 296 N.E.2d 170, 171 (1973). Consequently, that conclusion is not clearly erroneous. *Cf. Hvidston,* 591 N.E.2d at 572 (holding that the trial court's conclusion regarding an easement of necessity was clearly erroneous). Because Cockrell

---

pretation of the trial court's language is that because Smith sent letters to the trial court in which he agreed to let Cockrell have an easement across his land, the trial court presumed that Cockrell and Smith had come to an agreement and that, therefore, Smith was no longer a defendant in this case.

As Cockrell notes, however, Smith was not a "former co-Defendant" because he was never dismissed from the case. Consequently, Cockrell argues that judgment should have been entered against Smith because he failed to appear at trial. However, Cockrell did not request, and therefore the trial court did not grant, a default judgment against Smith for failure to appear. Rather, Cockrell proceeded to present evidence regarding his right to an easement of necessity, and the trial court

entered a judgment on the merits. *See Sanders v. Carson,* 645 N.E.2d 1141, 1144 (Ind.Ct. App.1995). Because Cockrell's claim failed on the merits, Cockrell's request for an easement of necessity across Smith's land failed, despite Smith's absence from the trial. *See, e.g., id.* Assuming arguendo that the nomenclature employed by the trial court was erroneous, any error would be harmless because Cockrell did not demonstrate that he was entitled to an easement of necessity across Smith's land.

Whether and how Cockrell can enforce the agreement suggested in the letters sent by Smith to the trial court is an issue not properly before this Court. Consequently, we leave it for another day.

did not demonstrate the requisite unity of title required for implication of an easement of necessity, we need not determine whether Cockrell established the required necessity. The trial court's judgment denying Cockrell's claim was not contrary to law. *See, e.g., McConnell,* 576 N.E.2d at 1302 (holding that the trial court did not err when it refused to find an implied easement by necessity because the plaintiff did not demonstrate necessity).

For the foregoing reasons, we affirm the trial court's denial of Cockrell's request for an easement of necessity.

Affirmed.

DARDEN, J., and BAILEY, J., concur.