**Dustin Todd WOLFE, Appellant–Plaintiff,**

v.

**Brooke Wolfe GREGORY, Monty L. Gregory, Marvin Lagle and Margie R. Cornett f/k/a Margie R. Asbell, Appellees–Defendants.**

No. 51A05–0305–CV–245.

Court of Appeals of Indiana.

Dec. 18, 2003.

David A. Smith, McIntyre & Smith, Bedford, IN, Attorney for Appellant.

Mark J. Jones, Lett & Jones, Loogootee, IN, Attorney for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

In December 2001, Dustin Todd Wolfe filed his Complaint seeking a prescriptive easement, injunctive relief and damages against Brooke Wolfe Gregory, Monty L. Gregory, Marvin L. Lagle, and Margie R. Cornett, f/k/a Margie R. Asbell (collectively "the Defendants"). In October 2002, Wolfe amended his complaint to include a claim of easement of necessity. Following a bench trial, the trial court entered a general judgment in favor of the Defendants. Wolfe filed a Motion to Correct Error, which the court denied. Wolfe now appeals and raises a single issue for review, namely, whether the trial court's judgment is contrary to law.

We affirm.

### FACTS AND PROCEDURAL HISTORY

In October 1975, John and Lucille Lagle conveyed seventy acres located in Martin County to their daughter, Margie Cornett. The Lagles transferred the property to Cornett before their deaths so that Cornett could later distribute the property in parcels to her siblings. Thereafter, Cornett conveyed portions of the seventy acres as follows: ten acres to Charlene Lancaster, ten acres to Donna Wolfe, twenty acres to Brian Lagle, and ten acres to Marvin Lagle. Regarding Marvin's parcel, Cornett conveyed the ten acres by Warranty Deed on August 30, 1977.[1] Cornett retained twenty acres for herself.

At the time Cornett made the conveyances to her siblings, Marvin did not have direct access by way of a county road to his parcel. Rather, while there were county roads to the north and south of the entire seventy acres, an "old farm road" that connected to the county road to the south provided access to Marvin's parcel. Marvin used this old farm road for ingress and egress while he built a cabin on his property.

At some time during 1977, Cornett constructed a road that connected with county road to the north of the entire seventy acres to provide access to her parcel. Cornett gave Marvin permission to use the road she had constructed for ingress and egress to his ten acres. Cornett allowed Marvin to use her road because he was her brother. After Cornett constructed her road, Marvin chose not to improve the old farm road because of the costs involved.[2]

---

1. For reasons not explained in the record, the deed conveying ten acres to Marvin was not recorded until May 3, 1982.

2. There is no map or plot plan in the record which shows the location of Cornett's twenty-acre plot in relation to Marvin's ten-acre plot.

From the testimony, however, we know that the old farm road, which connected to the county road to the south, provided the only access to Cornett and Marvin's property until Cornett constructed her road, which allowed for access from the north. In addition, Cornett testified that she lives at the end of a

In January 2000, Marvin sold his parcel to his niece, Brooke Wolfe Gregory, and her husband, Monty L. Gregory. Then, in July 2001, Brooke conveyed five of the ten acres to her brother, Wolfe. Cornett denied Wolfe access to the road she had constructed for ingress and egress from the county road to the north of the seventy acres to her property. In December 2001, Wolfe filed his complaint seeking an easement, injunctive relief, and damages. In March 2003, the trial court entered judgment against Wolfe, and he now appeals.

## DISCUSSION AND DECISION

■■■ Wolfe asserts that the trial court erred when it denied his request for a prescriptive easement and, in the alternative, an easement of necessity. Because Wolfe had the burden of proving his right to an easement, he is appealing a negative judgment. *See Cockrell v. Hawkins,* 764 N.E.2d 289, 292 (Ind.Ct.App.2002). Consequently, Wolfe must demonstrate that the trial court's judgment is contrary to law. *See id.* A judgment is contrary to law " 'if the evidence is without conflict and leads to a conclusion opposite that of the trial court.' " *Id.* (quoting *McConnell v. Satterfield,* 576 N.E.2d 1300, 1301 (Ind. Ct.App.1991)). When determining whether a judgment is contrary to law, we may only consider the evidence most favorable to the judgment, and we may neither reweigh the evidence nor judge the credibility of the witnesses. *Id.*

### A. Prescriptive Easement

■■■ Prescriptive easements are not favored in the law, and in Indiana, the party claiming one must meet stringent requirements. *Corporation for General*

*Trade v. Sears,* 780 N.E.2d 405, 410 (Ind. Ct.App.2002). To establish the existence of a prescriptive easement, the evidence must show an actual, hostile, open, notorious, continuous, uninterrupted adverse use for twenty years under a claim of right. *Id.* (quotation omitted). The existence of a prescriptive easement is a question of fact. *Ballard v. Harman,* 737 N.E.2d 411, 418 (Ind.Ct.App.2000). And "tacking," the continuous use of the easement by predecessors in title, may be added to the use of the present claimant to satisfy the twenty-year requirement. *Id.* at 418–19. The party asserting the prescriptive easement has the burden of showing each element "as a necessary, independent, ultimate fact, and the failure to establish any one of such elements is fatal." *General Trade,* 780 N.E.2d at 410.

■■■ Here, Cornett testified that her brother Marvin had her permission to use the road she had constructed for ingress and egress to his ten-acre parcel. Accordingly, Marvin's use of the road was not adverse or hostile. Rather, our review of the record shows that Marvin had, at most, a license to use Cornett's road, not an easement. *See Contel of Indiana, Inc. v. Coulson,* 659 N.E.2d 224, 228 (Ind.Ct.App. 1995) ("Unlike an easement or right-of-way, a license merely confers a personal privilege to do some act or acts on land without conveying an estate in the land.").

Moreover, Marvin owned the property from 1977 until he sold it to his niece in 2000. Because Wolfe relies on the period of time Marvin owned the property to establish the twenty-year requirement, he has not shown a continuous, twenty-year period of hostile or adverse use of the easement. Thus, Wolfe did not meet all of

---

"dead end" and that she gated her road after Marvin moved because she "didn't want strangers driving in." We infer from that testimony that when Marvin used Cornett's road to access his property, he would have had to continue driving along Cornett's road to reach her property.

the elements for a prescriptive easement, and the trial court's judgment on this point is not contrary to law.

### B. Easement of Necessity

As this court stated in *Cockrell,* 764 N.E.2d at 292–93:

> An easement of necessity will be implied when "there has been a severance of the unity of ownership of a tract of land in such a way as to leave one part without access to a public road." An easement of necessity may arise, if ever, only at the time that the parcel is divided and only because of inaccessibility then existing. To demonstrate that an easement of necessity should be implied, a plaintiff must establish both unity of title at the time that tracts of land were severed from one another and the necessity of the easement.

> For example, if a landowner conveys a piece of real estate that is completely surrounded by the landowner's remaining property, then we imply that the conveyance includes an easement across the landowner's remaining property. In addition, if a conveyed piece of property has no outlet to a public road except by going across the grantor's remaining land or across the land of a stranger, the law implies a way of necessity over the grantor's remaining land, because an easement of "necessity cannot arise against the lands of a stranger."

> To demonstrate that the easement is "of necessity," a plaintiff must demonstrate more than that the easement would be beneficial or convenient. If the plaintiff has another means of accessing his land, he may not claim a right to pass over the land of another. This rule controls even if the alternate means of access

would be more difficult or expensive for the plaintiff.

(Citations omitted).

In this case, at the time Cornett divided her parents' seventy acres and conveyed ten acres to Marvin, Marvin had access to his property via the old farm road. Marvin testified that he began using the road Cornett had constructed for ingress and egress to his ten acres, and he chose not to improve the old farm road because it would have been too expensive. Cornett testified that in addition to the family using the old farm road when the property was first divided, the family continues to use that road. When asked how the old farm road is currently being used, Cornett stated:

> It's being used by everyone. It is being used by my niece and nephew, who inherited their dad's ten (10) acres. They come up there and camp almost every weekend that it is nice, and they have friends out. Brooke and Monty use it. [Wolfe] comes to his mother's ten (10) acres, the pond[;] I've seen him come there many times. Everyone uses it.

The evidence most favorable to the trial court's judgment shows that Wolfe has access to his five acres via the old farm road, which connects with the county road that runs south of the original seventy-acre plot. While access to Wolfe's property by way of Cornett's road, which connects to the county road to the north of the seventy acres, would be more convenient for Wolfe, Wolfe's convenience is not relevant in determining whether to imply an easement of necessity. Indeed, "[a] way of necessity must be more than convenient and beneficial, for if the owner of the land can use another way, he cannot claim by implication the right to pass over that of another to get to his own.'" *McConnell,* 576 N.E.2d at 1301 (citations omitted).

Still, Wolfe asserts that he is entitled to an easement of necessity because at the time Cornett conveyed Marvin the ten acres, there was no public road access to Marvin's property. He points out that there is no dispute that the old farm road is not a public road. In addition, he suggests that the road Cornett constructed for access to her property from the north *is* a public road. *See* Brief of Appellant at 11 ("[Cornett] transferred a parcel that had no access to a public roadway at the time of conveyance. She later established one and allowed Marvin to use it for more than twenty years.").

First, to the extent that Wolfe asserts that Cornett's road is a public road, we find no evidence in the record, nor does Wolfe direct us to any evidence, to support that contention. Further, even though the old farm road is not a public road, that road provides Wolfe *access* to the public road that runs south of the original seventy-acre plot. Indeed, the critical inquiry is whether the owner has access to a public road from his property. *See Whitt v. Ferris*, 596 N.E.2d 230, 233 (Ind.Ct.App.1992) ("A way of necessity is implied by law where there has been a severance of the unity of ownership of a tract of land in such a way as to leave one part without access to a public road."). The old farm road, which existed in 1977 when Cornett divided the property and has been used since that date, provides Wolfe access. Wolfe has not met his burden of demonstrating that the trial court's judgment is contrary to law.[3]

Affirmed.

ROBB, J., and MATHIAS, J., concur.

---

3. Because we have affirmed the trial court's judgment regarding Wolfe's right to an easement, we need no address his claims for an injunction and damages.