Kevin HYSELL and Karen Jones,
Appellants–Defendants,

v.

Joseph B. KIMMEL and Mary Sue
Kimmel–Yater, Appellees–
Plaintiffs.

No. 39A04–0406–CV–330.

Court of Appeals of Indiana.

Sept. 30, 2005.

Rehearing Denied Dec. 20, 2005.

William Edward Jenner, Jenner, Auxier & Jacobs, LLP, Madison, for Appellants.

Thomas M. Dattilo, Kevin C. Lewis, Dattilo Law Office, Madison, for Appellees.

## OPINION

MAY, Judge.

Kevin Hysell and Karen Jones (hereinafter "Hysell") appeal[1] an order enjoining Hysell from blocking Kimmel's use of a driveway that crosses a parcel of land Hysell owns. Hysell raises three issues on appeal, which we consolidate and restate as:

1. whether the trial court erred when it determined Kimmel had established an implied easement across the Hysell lot; and

2. whether Hysell was estopped from revoking Kimmel's license to use the driveway.

We reverse.

## FACTS AND PROCEDURAL HISTORY

Charles Hensler owned land in Jefferson County. In 1996 he sold 5.6233 acres (hereinafter "the five acres") to Charles Peddie. The five acres were adjacent to state road 56/62. In 1998 Hensler sold Peddie another 1.0573 acres ("the acre") adjacent to the five acres. After he sold the five acres but before he sold the acre, Hensler platted and began to develop the Deer View Subdivision on other land he owned. The acre was wedged between the five acres and the subdivision. A circular road, Deer Bend Drive, was platted within the subdivision. The nearest corner of the acre was ten to twenty feet from Deer Bend Drive, with lot 13 of the subdivision in between.

Peddie approached Hensler to purchase the acre because he wanted to access the five acres via Deer Bend Drive. Hensler indicated he would sell the acre but the ten-to-twenty foot area between the acre and Deer Bend Drive would belong to the subdivision. Peddie responded "I don't care. I just want to be able to . . . to get in and out of my . . . my farm[.]" (Tr. at 35.) After Peddie bought the acre he

---

1. Both the brief titled "Appellant's Amended Brief" and the brief titled "Appellant's Reply Brief" list Kimmel as "Appellant (Plaintiff Below)." Kimmel was granted the injunction he sought in the trial court and does not appear to be arguing the trial court's decision in his favor was erroneous. We must therefore presume the "Appellant's Brief" and "Appellant's Reply Brief" that list Kimmel as appellant were in fact prepared by Hysell's counsel and are presenting Hysell's arguments.

placed gravel across lot 13 between the acre and Deer Bend Drive, following the path of a road that went only part of the way to the subdivision.

Peddie sold the acre to the appellee Kimmel in June of 1999. Kimmel's only access to the acre has been the driveway across lot 13. In November of 1999 Hensler sold lot 13 to Hysell. Hysell knew when he bought lot 13 that the driveway was there and he helped in its maintenance and grading. In October 2002, Hysell erected a fence over the driveway. Kimmel petitioned for a temporary restraining order and a preliminary and permanent injunction. After a trial, the court enjoined Hysell from blocking the driveway.

### DISCUSSION AND DECISION

The grant or denial of an injunction is within the trial court's sound discretion and will be reversed if the court has abused that discretion. *Hayworth v. Schilli Leasing, Inc.*, 669 N.E.2d 165, 167 (Ind.1996). An abuse of discretion will be found if the ruling is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law. *Id.* We consider only the evidence that supports the trial court's decision along with all reasonable inferences from that evidence, and we will reverse only where the evidence leads to a conclusion directly opposite that reached by the trial court. *Common Council of City of Peru v. Peru Daily Tribune, Inc.*, 440 N.E.2d 726, 728 (Ind.Ct. App.1982). We do not reweigh the evidence or judge the witnesses' credibility. *Id.* We do not substitute our judgment for that of the trial court even though the circumstances might justify a different result.

1. *Easement by Prior Use*

 Where, during the unity of title, an owner imposes an apparently permanent and obvious servitude on one part of the land in favor of another part and the servitude is in use when the parts are severed, the law will imply an easement for its continuance if the servitude is reasonably necessary for the fair enjoyment of the part benefited. *Fischer v. Revett,* 438 N.E.2d 995, 997 (Ind.Ct.App.1982). But a mere temporary or provisional arrangement the owner might have adopted for more convenient enjoyment of the estate does not demonstrate the degree of necessity or permanency that would "authorize the engrafting upon a deed, by construction, of a right to the enjoyment of something not within the lines described." *Id.* To justify such construction it must appear from the disposition, arrangement and use of the several parts that it was the owner's purpose in adopting the existing arrangement to create a permanent and common use. *Id.* It must be reasonably inferable from the existing disposition and use that it was intended to be continuous, notwithstanding the severance of ownership. *Id.*

 We consider whether continuance of the use is indispensable to the future enjoyment of the estate, and the practicality, effect and expense of changing the use. *Id.* Such considerations are relevant not to determine "necessity" but as evidence bearing on the probability that the purchaser, as a reasonable person, took the conveyance with the expectation the existing use would be continued. *Id.* An implied easement arises at the time of the severing conveyance because of the circumstances then existing, or it does not arise at all. *Id.*

 Stated differently, an easement will be implied where (1) there was common ownership at the time the estate was severed; (2) the common owner's use of part of his land to benefit another part was apparent and continuous; (3) the land was transferred; and (4) at severance it was

necessary to continue the preexisting use for the benefit of the dominant estate. *Whitt v. Ferris,* 596 N.E.2d 230, 235 (Ind. Ct.App.1992). The owner of the dominant estate does not need to show absolute necessity, but there still must be some necessity shown. *Id.*

Kimmel states "The evidence at trial clearly demonstrated that the driveway was in existence and in use prior to and at the time of the September 14, 1998 conveyance of the 'Peddie Property.'" (Appellee's Br. at 8.) Kimmel offers no citation to evidence in the record that supports that statement, and our independent review of the record reflects the road was not in existence when all the parcels were under Hensler's ownership.

Hensler so testified, and Peddie testified that when he bought the acre from Hensler there was not a road that went all the way to Deer Bend Drive:

Q. Was there a road there previously?

A Yea. It wasn't a real road, but there ... was another little road that come up to this barn, but it didn't go all the way to the subdivision. It just came up there about halfway and then swung into where the barn used to be, and I knew that would be a good way to get in and out of there....

(Tr. at 36.)

▉▉▉ As the record does not reflect Hensler, during the unity of title, imposed an apparently permanent and obvious servitude on one part of the land in favor of another part, or that any such servitude was in use when the parts of the Hensler property were severed, the trial court erred to the extent it premised its grant of an injunction on the existence of an implied easement.[2]

### 2. *Estoppel to Withdraw License*

▉▉▉ Kimmel argues that even if his use of the driveway was only permissive, Hysell is estopped from revoking that license. The trial court did not explicitly address estoppel or whether Kimmel's use was permissive. However, it did state Hysell was fully aware Kimmel was using the driveway as his sole means of access to his property, Hysell had helped maintain the driveway, and to deny Kimmel access would "creat [sic] substantial injustice to him." (App. at 29.)

Kimmel offers only a dictionary definition of estoppel in support of his apparent position Hysell cannot withdraw permission to use the driveway because Kimmel relied on use of the driveway, Hysell knew Kimmel was using it, and Hysell's conduct gave Kimmel no reason to think he could not use the driveway. This does not establish estoppel.

▉▉▉ The basis for the doctrine of equitable estoppel is fraud, either actual or constructive, on the part of the person estopped. *Farrington v. Allsop,* 670 N.E.2d 106, 109 (Ind.Ct.App.1996). Constructive fraud arises by operation of law from conduct which, if sanctioned by the

---

**2.** For the same reasons, no easement may be implied by necessity because the one-acre plot was not landlocked when Hensler sold it to Peddie. An easement of necessity will be implied when there has been a severance of the unity of ownership of a tract of land in such a way as to leave one part without access to a public road. *Cockrell v. Hawkins,* 764 N.E.2d 289, 292 (Ind.Ct.App.2002). Such an easement may arise only at the time the parcel is divided and only because of inaccessibility then existing. *Id.* An easement of necessity "cannot arise against the lands of a stranger." *Id.* (*quoting Moore v. Ind. & Mich. Elec. Co.,* 229 Ind. 309, 315, 95 N.E.2d 210, 212 (1950)). When Hensler sold the acre to Peddie, Peddie had access to the highway over the five acres Hensler had sold him previously. (*See, e.g.,* Tr. at 46.)

law, would secure an unconscionable advantage. *Id.* The mere nonperformance of an oral promise does not amount to fraud that warrants the intervention of a court of equity. However, if one party induces another by an oral promise to place himself in a worse position than he would have been in had no promise been made, and if the party making the promise derives a benefit as a result of the promise, there is a constructive fraud that is subject to the trial court's equity jurisdiction.

Kimmel does not argue Hysell ever made a promise regarding Kimmel's continued use of the driveway, nor does he argue Hysell otherwise actually or constructively defrauded Kimmel. We must accordingly reverse the trial court's injunction to the extent it was premised on Hysell's decision not to continue to allow Kimmel's permissive use of the driveway.

### CONCLUSION

As no easement across the Hysell property may be implied and Hysell was not estopped from withdrawing permission for Kimmel to use the driveway, we must reverse the order enjoining Hysell from blocking the path across his property.

Reversed.

BARNES, J., and DARDEN, J., concur.