The WILLIAM C. HAAK TRUST,
Appellant–Plaintiff,

v.

William J. WILUSZ and Judith A. Wilusz, Husband and Wife; and Benjamin Luna, Appellees–Defendants.

No. 64A04–1008–PL–567.

Court of Appeals of Indiana.

May 16, 2011.

Thomas K. Hoffman, Crown Point, IN, Attorney for Appellant.

John M. Rhame, III, Rhame & Elwood, Portage, IN, Attorney for Appellees.

## OPINION

BRADFORD, Judge.

Appellant–Plaintiff the William C. Haak Trust ("the Trust") appeals from the trial court's entry of judgment in favor of Appellees–Defendants William J. and Judith A. Wilusz and Benjamin Luna in its quiet title action, in which it sought an easement of necessity. We affirm in part, reverse in part, and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

The Trust is in possession of a landlocked parcel of land in Porter County. Directly to the north of the Trust's parcel is land owned by the Wiluszes, and the land directly to the east of both parcels and sharing both parcels' entire eastern borders is owned by Luna. Both the Wiluszes' and Luna's parcels have access to Porter County Road 50 North via their northern borders, and the Trust could, at least in theory, gain access to 50 North through either or both of those parcels. At one time, John and Susan Hall owned both the Trust's parcel and the Wiluszes' parcel, until, on March 18, 1999, the Wiluszes' parcel was transferred from the Halls' ownership by Sheriff's deed. From that date, the parcel that the Halls would later sell to the Trust was landlocked, with no access to 50 North or any other public road. As for Luna's parcel, while neither the Halls nor the Trust has ever had any interest in it, at one time it was owned by John Hall's brother and sister-in-law, who allowed the Halls access to the Trust's parcel over their land.

On November 6, 2007, the Halls brought an action to quiet title and have an easement of necessity declared on either the Wiluszes' or Luna's land. The parties filed a written stipulation to vacate bench trial, and the trial court held a hearing on legal memoranda submitted by the parties on December 21, 2009. At the start of that hearing, the Halls' attorney orally moved to substitute the Trust for the Halls, because the Trust had agreed to purchase the Trust parcel from the Halls and had authorized the Halls' attorney to proceed on its behalf. The trial court granted the motion. On April 6, 2010, the trial court entered judgment in favor of the defendants, denying the Trust its easement. The trial court reasoned that the Halls were not entitled to an easement of necessity because they had had prior opportunities to grant themselves an easement across what is now the Wiluszes' land or arrange for an easement across what is now Luna's property. The Trust filed a motion to correct error, which the trial court denied on July 19, 2010.

## DISCUSSION AND DECISION

Because the Trust had the burden of proving its right to an easement of necessity, it is appealing a negative judgment. *See McConnell v. Satterfield,* 576 N.E.2d 1300, 1301 (Ind.Ct.App.1991). On appeal, the Trust must demonstrate that the trial court's judgment is contrary to law. *Id.* The underlying facts are undisputed; the Trust argues only that the trial court has wrongly applied the law regarding easements of necessity to those facts. In the interest of clarity, we find it useful to provide some background on easements under Indiana law.

### A. Easements in General

Indiana law recognizes that easements can be created by grant, prescription, or implication. *See, e.g., Brown v. Heidersbach,* 172 Ind.App. 434, 438, 360 N.E.2d 614, 618 (1977). Moreover, "[t]wo types of easements exist: (1) an easement is appurtenant if it passes (by conveyance or inheritance) with the dominant tenement; (2) an easement is in gross if it is personal to the owner of the dominant tenement." *Id.,* 360 N.E.2d at 618 (citing *Sanxay v. Hunger,* 42 Ind. 44, 48 (1873)) (footnote omitted). An easement "is never presumed to be in gross when it can be fairly construed to be appurtenant to the land." *Sanxay,* 42 Ind. at 48. The Trust claims that it has the right to an implied easement that would allow it access to 50 North.

### B. Implied Easements

Indiana law further subdivides implied easements into easements of necessity and

easements by prior use. We recently explained the difference between the two types:

> An easement of necessity will be implied only when there has been a severance of the unity of ownership of a tract of land in such a way as to leave one part without any access to a public road. *See Wolfe v. Gregory,* 800 N.E.2d 237, 241 (Ind.Ct.App.2003). On the other hand, an easement of prior use will be implied "where, during the unity of title, an owner imposes an apparently permanent and obvious servitude on one part of the land in favor of another part and the servitude is in use when the parts are severed ... if the servitude is reasonably necessary for the fair enjoyment of the part benefited." *Hysell v. Kimmel,* 834 N.E.2d 1111, 1114 (Ind.Ct.App. 2005), *trans. denied.* Unlike a landowner requesting an easement by necessity, a landowner requesting an easement by prior use does not need to show absolute necessity. *See id.* at 1115. The focus of a claim for an easement by prior use is the intention for continuous use, while the focus of a claim for an easement by necessity is the fact of absolute necessity.

*Pardue v. Smith,* 875 N.E.2d 285, 291 (Ind.Ct.App.2007). Although the parties and trial court all rely, at least in part, on law relating to easements by prior use, it is clear that the Trust's claim is that it is entitled to an easement of necessity.

### C. Easements of Necessity

An easement of necessity will be implied when "there has been a severance of the unity of ownership of a tract of land in such a way as to leave one part without access to a public road." *Whitt v. Ferris,* 596 N.E.2d 230, 233 (Ind.Ct.App.1992). An easement of necessity may arise, if ever, only at the time that the parcel is divided and only because of inaccessibility then existing. *Ind. v. Innkeepers of New Castle, Inc.,* 271 Ind. 286, 392 N.E.2d 459, 464 (1979). To demonstrate that an easement of necessity should be implied, a plaintiff must establish both unity of title at the time that tracts of land were severed from one another and the necessity of the easement.

For example, if a landowner conveys a piece of real estate that is completely surrounded by the landowner's remaining property, then we imply that the conveyance includes an easement across the landowner's remaining property. *Larabee v. Booth,* 463 N.E.2d 487, 492 (Ind.Ct.App.1984). In addition, if a conveyed piece of property has no outlet to a public road except by going across the grantor's remaining land or across the land of a stranger, the law implies a way of necessity over the grantor's remaining land, *Whitt,* 596 N.E.2d at 233, because an easement of "necessity cannot arise against the lands of a stranger." *Moore v. Ind. & Mich. Elec. Co.,* 229 Ind. 309, 315, 95 N.E.2d 210, 212 (1950) (citing *State ex rel. McNutt v. Orcutt,* 211 Ind. 523, 199 N.E. 595 (1936), *reh'g denied,* 211 Ind. 523, 7 N.E.2d 779 [ (1937) ] ).

To demonstrate that the easement is "of necessity," a plaintiff must demonstrate more than that the easement would be beneficial or convenient. *McConnell* [*v. Satterfield* ], 576 N.E.2d [1300,] 1302 [ (Ind.Ct.App.1991) ]. If the plaintiff has another means of accessing his land, he may not claim a right to pass over the land of another. *Id.* This rule controls even if the alternate means of access would be more difficult or expensive for the plaintiff. *Id.; see also Reed v. Luzny,* 627 N.E.2d 1362, 1365 (Ind.Ct.App.1994), *reh'g denied, trans. denied.*

*Cockrell v. Hawkins,* 764 N.E.2d 289, 292–93 (Ind.Ct.App.2002).

■ The Trust must therefore establish unity of title at some point and necessity, without the need to show intention for continuous use. This the Trust has done, as there is no dispute that the transfer from the Halls of what is now the Wiluszes' parcel left their remaining parcel landlocked, with no access to a public road. The trial court concluded that the Halls lost the right to assert an easement of necessity by failing to grant themselves an easement before the transfer. The trial court cited to no authority for this proposition, and our research has uncovered none.[1]

Moreover, to the extent that the trial court might have relied on the fact that the Halls waited over eight years before pursuing their claim, it is clear that any such delay is irrelevant. It has long been recognized that an easement of necessity is appurtenant. Well over a century ago, the Indiana Supreme Court applied

> the doctrine, maintained by the ancient and the modern authorities, that the original grantor grants, as appurtenant to the parcel expressly conveyed, a way which will enable his grantee to obtain access to the corporeal property expressly conveyed to him. Both the corporeal property and the incorporeal right pass from the grantor at the same time—one as the inseparable incident of the other—and a subsequent grantee must necessarily take the land conveyed

to him subject to the burden created by the implied grant.

*Logan v. Stogsdale,* 123 Ind. 372, 377, 24 N.E. 135, 137 (1890).[2]

■ What this means in practice is that the right to an easement of necessity does not expire or attach itself to a particular owner; there is no statute of limitations on easements of necessity and the right to one does not expire upon transfer of either the dominant or servient estates. These principles were recognized and well stated by the Illinois Supreme Court, relying, in part, on *Logan:*

> If, at one time, there has been unity of title, as here, the right to a way by necessity may lay dormant through several transfers of title and yet pass with each transfer as appurtenant to the dominant estate and be exercised at any time by the holder of the title thereto. 17 Am.Jur. (Easements) secs. 49, 127; *Logan v. Stogsdale,* 123 Ind. 372, 24 N.E. 135, 8 L.R.A. 58. Plaintiffs' land is entirely surrounded by property of strangers and the land of the defendant from which it was originally severed.... The fact that the original grantee and his successors in interest have been permitted ingress to and egress from the 40 acres over the land owned by surrounding strangers is immaterial. When such permission is denied, as in the present case, the subsequent grantees may avail themselves of the dominant and servient estates.

1. Indeed, the Halls could not have granted themselves an easement in land to which they held title. *See, e.g., John Hancock Mut. Life Ins. Co. v. Patterson,* 103 Ind. 582, 586, 2 N.E. 188, 190 (1885) ("[T]he owner can not have an easement in land of which he has the title. The inferior right is merged in the higher title. By the common law it is said to be extinguished by the unity of title.").

2. The version of this citation found in the *www.westlaw.com* database replaces the first en dash that appears in the Indiana Reports with a comma and hyphen and the second with a semicolon. Additionally, the *www.westlaw.com* version misspells the word "maintained" as "maintaind." While these errors do not seem to alter the meaning of the citation, we will continue to exercise caution in citing to non-official authorities.

*Finn v. Williams,* 376 Ill. 95, 33 N.E.2d 226, 228 (1941).

Finally, it makes no difference that the crucial land transfer was involuntary and the result of a foreclosure. "Every reason of public policy in favor of ways of necessity for ingress and egress over the grantor's lands where he has conveyed inaccessible lands to another apply to the right of way in this case, and the fact that the transfer of title is accomplished by a judgment is no reason for not extending the rule." *Moore,* 229 Ind. at 315, 95 N.E.2d at 212.

### Conclusion

Application of the law to the undisputed facts of this case leads us quickly to the conclusion that the Trust has, and will retain as long as necessary,[3] the right to an easement of necessity across the Wiluszes' parcel. The trial court erred in concluding otherwise. The undisputed facts also establish that the Trust has no right to an easement of necessity over Luna's land. It is true that unity of title once existed between the Luna's parcel and the Trust's parcel, as John Hall's brother and sister-in-law held title to it from January 7, 1986, until October 10, 1997, when they also held title to the Luna's parcel. The 1997 transfer however, did not create the right to an easement of necessity because the Trust's parcel was not rendered inaccessible by it. *See Innkeepers of New Castle, Inc.,* 271 Ind. at 292, 392 N.E.2d at 464 ("We have examined the cases above cited, and we found no suggestion among them, nor from our independent research, that an easement by necessity may arise from circumstances occurring subsequent to the conveyance. On the contrary, the easement arises simultaneously with the conveyance and because of the *circumstances then existing,* i.e. inaccessibility.").[4] Following the transfer of the Trust's parcel back to the Halls, it could still be accessed (for approximately one and one-half years) through what would later be the Wiluszes' parcel. We therefore affirm the trial court's judgment in favor of Luna. Because the Trust is entitled to an easement across the Wiluszes' parcel, however, we reverse the judgment of the trial court in favor of the Wiluszes and remand with instructions to enter judgment in favor of the Trust.

We further instruct the trial court to take evidence sufficient to allow it to locate the easement of necessity across the Wiluszes' land and define its dimensions, while keeping the following principles in mind. "The extent of a way of necessity is a way such as is required for the complete and beneficial use of the land to which such way is impliedly attached." *New York Cent. R. Co. v. Yarian,* 219 Ind. 477, 483, 39 N.E.2d 604, 606 (1942) (citation omitted). "Whenever [an easement] has arisen from necessity it would seem to be coextensive with the reasonable needs, present and future, of the dominant estate for such a right or easement, and to vary with the necessity, in so far as may be consistent with the full reasonable enjoyment of the servient tenement." *Id.* at 484, 39 N.E.2d at 606 (citation omitted). "The use of the way, of course, must not unreasonably interfere with the use of the servient estate for any lawful purpose which does not deprive the dominant estate of a right of way." *Id.,* 39 N.E.2d at

---

3. If, for instance, the Trust purchases all or part of the Wiluszes' parcel, or another adjacent parcel that allows access to a public road, the necessity for the easement will cease and the right to the easement along with it.

4. The version of this citation found in the *www.westlaw.com* database capitalizes the second appearance of the word "circumstances" and omits the italicization that appears in the Indiana Reports.

606. It should also be kept in mind that "the owner of an easement must generally bear the entire cost of maintaining it, absent an express agreement to the contrary." *Larabee*, 463 N.E.2d at 492.

We affirm the judgment of the trial court in part, reverse it in part, and remand with instructions and for proceedings not inconsistent with this opinion.

BAKER, J., and MAY, J., concur.