OPINION ON REHEARING



FILED

Aug 03 2017, 9:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark D. Johnson
Allen & Johnson, LLC
Salem, Indiana

ATTORNEY FOR APPELLEE

Robert R. Thomas
Thomas Law Group, LLC
Zionsville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Luther T. Collins, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Metro Real Estate Services, LLC, <br><br> *Appellee-Defendant.* | August 3, 2017 <br><br> Court of Appeals Case No. 88A05-1510-PL-1797 <br><br> Appeal from the Washington Circuit Court <br><br> The Honorable Larry Medlock, Judge <br><br> Trial Court Cause No. 88C01-1401-PL-50 |

**Barnes, Judge.**

[1]     Luther Collins petitions for rehearing following our decision in *Collins v. Metro Real Estate Services LLC*, 72 N.E.3d 1007 (Ind. Ct. App. 2017). In that opinion, we held that there was neither an easement by grant nor an easement by prior use in favor of Metro over property owned by Collins. *Collins*, 72 N.E.3d at 1015-16. However, we did hold that the evidence in the record supported the conclusion that Metro, as successor in interest to the dominant estate, had an

easement by necessity over Collins's servient estate. *Id.* at 1018. Collins asserts that the easement by necessity issue is moot because, while this appeal was pending, Metro sold the property to a third party who now has access to a public right of way through an adjoining property.

[2] The sale of the property by Metro was repeatedly noted by the parties and by this court in our original opinion. We denied Collins's motion to substitute Metro with the new owner of the property as appellee after Metro objected to that motion. Subsequently, we issued a rule to show cause requiring Collins to demonstrate why we should not dismiss the appeal as moot in light of the sale of the property. Collins requested that the appeal not be dismissed because the new owner of the property still wanted to use the easement over Collins's property.

[3] In our opinion, we specifically noted that we were deciding the case strictly on the basis of the trial court record before us and said, "we . . . make no prediction regarding if or how the subsequent conveyance of the dominant estate affected the easement at issue." *Id.* at 1018 n.10. We continue to adhere to that position. We acknowledge that an easement of necessity may cease to exist when the necessity out of which the easement arose ceases to exist. *Zakutansky v. Kanzler*, 634 N.E.2d 75, 84 (Ind. Ct. App. 1994). On the other hand, an easement of necessity does not attach itself to a particular owner and does not automatically expire upon transfer of either the dominant or servient estate to a new owner. *William C. Hakk Trust v. Wilusz*, 949 N.E.2d 833, 837

(Ind. Ct. App. 2011). Thus, Metro's sale of the dominant estate to a third party did not automatically render the easement by necessity issue moot.

[4] We agree with Collins's rehearing petition to the extent that whether an easement of necessity still exists here is a matter to be litigated on remand between Collins and the new property owner. We did not foreclose the possibility of such litigation in our original opinion. With these additional observations, we reaffirm our original opinion in full and remand to the trial court for further proceedings.

Kirsch, J., and Robb, J., concur.